UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LANCE P MCDERMOTT,<br><br>                    Plaintiff,<br><br>       v.<br><br>JOHN P POTTER, et al.,<br><br>                    Defendants. | CASE NO. C13-2011-MJP<br><br>ORDER GRANTING MOTION FOR A MORE DEFINITE STATEMENT |

This matter comes before the Court on Defendant's motion for a more definite statement. (Dkt. No. 14.) Having reviewed the motion, the response (Dkt. No. 16), reply (Dkt. No. 18), and all related papers, the Court GRANTS the motion.

**Discussion**

This case concerns Plaintiff's employment with the United States Postal Service ("USPS"). (Dkt. No. 1.) Plaintiff sues John Potter, Postmaster General of USPS, alleging violations of his civil rights, rights under the Americans with Disabilities Act, the Rehabilitation Act of 1973, as well as several state laws. (Id.) He also seeks class action relief relating to allegedly poor working conditions. (Id. at 7.)

ORDER GRANTING MOTION FOR A MORE
DEFINITE STATEMENT- 1

Defendant moves for a more definite statement on the basis that the Complaint is unintelligible. Defendant argues it cannot make sense of whether Plaintiff is suing for discrimination suffered during his employment with USPS or if the claim relates to the processing of his complaint for discrimination. (Dkt. No. 14 at 2.)

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(a), (d). If a pleading is so vague or ambiguous that a defendant "cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed.R.Civ.P. 12(e). Motions for a more definite statement, however, are disfavored and "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail." Hayton Farms Inc. v. Pro–Fac Corp. Inc., No. C10–520–RSM, 2010 WL 5174349, at *4 (W.D.Wash. Dec.14, 2010) (quotation omitted). If the opposing party is fairly notified of the nature of the claim, the motion should be denied. Id.

The Court agrees a more definite statement is required for Defendant to have notice of and properly respond to these extensive claims. Specifically, the Complaint is deficient because it does not outline the specific conduct that gave rise to the alleged discriminatory acts nor does it identify the USPS's purported discriminatory conduct. Indeed, the Complaint is indecipherable on these issues. Likewise, Plaintiff's response to the motion provides little clarification as the second issue raised by defendants: whether Plaintiff is challenging the process of an EEO Complaint and if so, what process and claims. (Dkt. No. 16 at 4)(describing his "spin off complaints," as including a report of criminal conduct to the agency director as well as other complaints regarding his "enforced leave" for color blindness).

**Conclusion**

The Court GRANTS the motion and orders Plaintiff to amend his complaint to set forth specific facts that support each claim. Plaintiff is cautioned that volume is not the same as clarity. In amending his complaint, Plaintiff should provide as clearly and concisely as possible the facts underlying his claims, the particular claims he alleges, as well as the relief he seeks. The Court orders Plaintiff to file an amended complaint within 20 days of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated this <u>8th</u> day of April, 2014.

Marsha J. Pechman
Chief United States District Judge