UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LANCE P MCDERMOTT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOHN P POTTER,<br><br>　　　　　Defendant. | CASE NO. C13-2011-MJP<br><br>ORDER DENYING MOTION FOR A PRELIMINARY INJUNCTION |

　　　This matter comes before the Court on Plaintiff's motion for a preliminary injunction in which he seeks return to his job with the United States Postal Service. (Dkt. No. 10.) Having reviewed the motion, the response (Dkt. No. 15), the reply (Dkt. No. 17), and all related papers, the Court finds Plaintiff fails to meet the requirements of a preliminary injunction and DENIES the motion.

**Discussion**

　　　This case arises from Plaintiff's employment with the United States Postal Service ("USPS") and his attempts to return from leave under the Federal Medical Leave Act ("FMLA"). Plaintiff appears to allege that Defendant has failed to restore him to the position he held prior to

leave. (Dkt. No. 10 at 3.) He requests the Court "return me to work with a normal start time of 7am-3:30pm, Tuesday-Thursday working at the Priority Mail Center in Kent, Washington until the conclusion of my hearing(s)." (Dkt. No. 10 at 3.) After the briefing closed for this motion, Plaintiff notified the Court that USPS had offered to return him to work. (Dkt. No. 25.) He, nonetheless, seeks partial relief in the form of return to his work without any restrictions and continues to seek re-categorization of his leave as FMLA leave.

A plaintiff seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374 (2008) (rejecting the Ninth Circuit's approval of an injunction when plaintiffs only demonstrated the "possibility" of irreparable harm).

Plaintiff's motion fails on the second factor, because the injury he alleges can be fixed by money damages. Plaintiff claims to be harmed by his employer's failure to timely restore his position after his leave (it is unclear whether this "enforced leave" was FMLA leave or some other leave). Economic injury alone does not support a finding of irreparable harm because such an injury can be remedied by an award of money damages. Rent-A-Center v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991). To support the entry of a preliminary injunction, irreparable harm must be "likely, not just possible." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit has long held that "speculative injury does not constitute irreparable injury." Colorado River Indian Tribes v. Parker, 776 F.2d 846, 849 (1985). Plaintiff offers no explanation why, should he prevail, the Court could not determine appropriate damages. (Dkt. No. 17.) Mere financial injury "will not

constitute irreparable harm if adequate compensatory relief will be available in the course of litigation." Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 471 (9th Cir. 1984).

Plaintiff also appears to claim some harm from current working conditions, including "being given...written instructions that I cannot possibly obey." (Dkt. No. 25 at 5.) The Court finds nothing in the record to support the notion that the current restrictions constitute irreparable harm. (see e.g. Id. at 7, "I am instructing you to report back to work…I further instruct that if you are required to do any electrical work which involves distinguishing colors, that you seek confirmation of the colors from either a coworker and/or superior.")

The Court does not address the other elements of a preliminary injunction because without actual irreparable harm, Plaintiff is not entitled to the relief he seeks. "[A] plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." Caribbean Marine Sers. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

## Conclusion

Because Plaintiff fails to show irreparable injury absent injunctive relief, the Court DENIES Plaintiff's motion for a preliminary injunction.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 8th day of April, 2014.

Marsha J. Pechman
Chief United States District Judge