Chief Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LANCE P. McDERMOTT,<br><br>            Plaintiff,<br><br>    v.<br><br>JOHN P. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, et al.,<br><br>            Defendant. | CASE NO.  2:13cv2011-MJP<br><br>DEFENDANT'S MOTION TO DISMISS<br><br>(Note on Motion Calendar for July 11 2014) |

Defendant, by and through his attorneys, Jenny A. Durkan, United States Attorney for the Western District of Washington, and Marion J. Mittet, Assistant United States Attorney for said District, respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), to dismiss Plaintiff's complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

**I. INTRODUCTION**

Plaintiff is an employee of the United States Postal Service ("Postal Service"). Plaintiff has filed at least seven previous lawsuits challenging various policies of, and actions

DEFENDANT'S MOTION TO DISMISS
(2:13cv2011-MJP ) - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

taken by, the Postal Service. [1] On January 17, 2014, Plaintiff filed an approximately 60 page amended complaint against Defendant, John Potter. Dkt # 9. This amended complaint, although replete with rhetoric and miscellaneous information, failed to adequately state Plaintiff's actual causes of action. As a result, the government was unable to formulate an answer and, therefore, on January 31, 2014, moved this Court for a more definite statement. Dkt # 14. On April 8, 2014 this Court granted the government's motion. Dkt # 26. Subsequently, on April 14, 2014, Plaintiff filed an amended complaint that was approximately 30 pages longer than the original complaint. Dkt # 28. On April 28, 2014, the government filed a second motion for a more definite statement, and instead of answering the motion, Plaintiff filed another amended complaint. Dkt #'s 29 and 30. Thereafter, this Court denied the government's pending motion as moot. Dkt # 33.

Although the most recent amended complaint is still difficult to understand since it is still contains confusing and irrelevant information, Plaintiff has specifically identified sixteen causes of action that the government respectfully submits, for the reasons set forth below, should be dismissed for lack of jurisdiction and/or failure to state a claim.

## II. ARGUMENT

### A. Standards for Motion To Dismiss.

#### 1. Jurisdiction.

For purposes of a motion to dismiss, the allegations of the complaint are normally taken as true. *Hughes v. Rowe*, 449 U.S. 5, 10 (1980). Claims, however, must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, they: (1) do not arise under the Constitution, law or treaties of the United States, or fall within one of the other enumerated categories of Article III, Section 2,

---

[1] *See McDermott v. US Postal Service*, CV05-00860-RSL; *McDermott v. US Postal Service*, CV06-1335-MJP; *McDermott v. US Postal Service*, CV07-1174-JLR/*United States Postal Service Privacy Act Litigation*, 08-md-1937-JLR; *McDermott v. John Potter*, CV08-1846-JCC; *McDermott v. John Potter*, CV09-776-RSL; *McDermott v. John Potter*, CV09-1008-RAJ; *McDermott v. John Potter*, CV11-0311-MJP.

DEFENDANT'S MOTION TO DISMISS
(2:13cv2011-MJP ) - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of the Constitution; (2) do not constitute a "case or controversy" within the meaning of that section; or (3) are not described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Industries v. Tinnerman*, 626 F. Supp. 1062, 1063 (W. D. Wash. 1986).

### 2. Failure to State a Claim.

Under Rule 12(b)(6), the Court must dismiss deficient claims in a plaintiff's complaint if, after reviewing the complaint in the light most favorable to the plaintiff, it appears that he or she can prove no set of facts in support of his or her claims which would entitle him or her to relief. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996); *Russell v. Landrieu,* 621 F.2d 1037, 1039 (9th Cir. 1980). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Associated Gen. Contractors v. Metro. Water Dist*., 159 F.3d 1178, 1181 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences, however, are insufficient to defeat a motion to dismiss. *Id*. A court can dismiss an action under 12(b)(6) where the plaintiff fails to allege either a cognizable legal theory or sufficient facts in support of a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds entitling him to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted). The complaint must plead "enough facts to state a claim to relief that is plausible on its face."

### B. Plaintiff's Claims Should be Dismissed for Lack of Jurisdiction and/or Failure to State a Claim.

It is well settled that the United States, as sovereign, is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). It is equally well settled that federal courts have limited jurisdiction, possessing only that power granted by the Constitution or authorized by Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Currier v. Henderson*, 190 F. Supp.2d 1221, 1225 (W.D. Wash., Jan.

DEFENDANT'S MOTION TO DISMISS
 (2:13cv2011-MJP ) - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  30, 2002) (*aff'd Currier v. Potter*, 379 F.3d 716 (9th Cir. 2004)).  Generally, "[i]t is
2  incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the
3  nature of the case."  *Id.* (internal quotation omitted).  A district court may hear a case only if
4  it is authorized to do so by a congressional grant of subject matter jurisdiction.  *Ins. Corp. of*
5  *Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982).  Moreover,
6  various comprehensive federal statutes demonstrate Congress's intent to entirely foreclose
7  district court jurisdiction over certain types of claims.  *See Elgin v. Dep't of Treasury*, _
8  U.S._ , 132 S. Ct. 2126, 2131-34 (2012); *Kennedy v. United States Postal Serv*., 145 F.3d
9  1077, 1078 (9th Cir. 1998).  The plaintiff bears the initial burden of proving that subject
10 matter jurisdiction exists.  *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992).
11         Of specific relevance in this case is the fact that the Postal Service is governed by the
12 Postal Reorganization Act ("PRA").  The PRA was "adopted to increase the efficiency of the
13 Postal Service and reduce political influences on its operations.*"  U.S. Postal Service v.*
14 *Flamingo Industries (USA) Ltd*., 540 U.S. 736, 740 (2004).  The PRA preserved the Postal
15 Service's public obligations, but "indicated that [Congress] wished the Postal Service to be
16 run more like a business than had its predecessor, the Postal Department."  *Currier*, 379 F.3d
17 at 725 (citing *Franchise Tax Bd. v. U.S. Postal Service*., 467 U.S. 512, 519-20 (1984)
18 (internal quotations omitted)).  The PRA operated to waive immunity for certain suits against
19 the Postal Service by authorizing this independent establishment of the federal government
20 "to sue and be sued in its official name."  39 U.S.C. § 401(1).  The PRA, however, also
21 provides that various forms of federal law that normally apply to government entities do not
22 apply to the Postal Service.  *See* 39 U.S.C. § 410(a).  Accordingly, to sue the Postal Service,
23 the suit has to be cognizable under the PRA.  Moreover, even if there is a waiver of
24 sovereign immunity, it does not mean that any lawsuit can automatically be considered.  As
25 the Supreme Court has explained, even where sovereign immunity has been waived, the
26 court must still determine whether the source of substantive law upon which the claimant
27 relies provides an avenue for relief over which the court may exercise jurisdiction.  *United*
28 *States Postal Serv.,* 540 U.S. at 743 (2004); *FDIC v. Meyer*, 510 U.S. 471, 484 (1994).

DEFENDANT'S MOTION TO DISMISS
 (2:13cv2011-MJP ) - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Of importance to Postal Service employees such as Plaintiff, Chapters 10 and 12 of
2 the PRA set out a comprehensive scheme governing employment relations within the Postal
3 Service. *Pereira v. U.S. Postal Service*, 964 F.2d 873, 875 (9th Cir.1992); *see also American*
4 *Postal Workers Union v. U.S. Postal Service*, 940 F.2d 704, 708 (D.C.Cir.1991). The PRA
5 provides that Postal Service employees are federal employees within the "postal career
6 service," which is part of the federal civil service. 39 U.S.C. § 1001(b). Although most
7 federal employees are subject to the Civil Service Reform Act ("CSRA"), the PRA
8 generally, with some few exceptions, provides the exclusive remedy for Postal Service
9 employees challenging Postal Service policies and procedures. *See generally Stupy v. United*
10 *States Postal Serv.*, 951 F.2d 1079, 1082 (9th Cir. 1991); *accord Kennedy*, 145 F.3d at 1078.
11 In particular, the PRA provides a wide variety of means for resolution of employment-related
12 disputes. In fact, courts have long recognized that "the relevant provisions of the CSRA and
13 the PRA constitute a comprehensive scheme governing employment relations" that precludes
14 district court jurisdiction over postal employee's claims not specifically permitted by those
15 statutes. *Kennedy*, 145 F.3d at 1078; see also *Stupy,* 951 F.2d at 1082 (PRA's
16 comprehensive employment scheme precludes jurisdiction over implied cause of action);
17 *Bennett v. Barnett*, 210 F.3d 272, 275 (5th Cir. 2000*); Kroll v. United States*, 58 F.3d 1087,
18 1091 (6th Cir. 1995); *Harper v. Frank*, 985 F.2d 285, 289 (6th Cir. 1993); *American Postal*
19 *Workers Union*, 940 F.2d at 708.
20    In the instant case, most of Plaintiff's causes of action are precluded by the PRA and
21 must be dismissed for lack of jurisdiction.
22    **1.    Causes of Action 1, 2, 3, 4, 5, 7, 8 and 9**.
23    In Causes of Action 1, 2, 3, 4, 5, 7, 8 and 9, Plaintiff asks this Court to review Postal
24 Service actions and provide relief under the Administrative Procedures Act ("APA"). The
25 problem, however, with these claims is that such relief is not available to Plaintiff and these
26 claims must be dismissed.
27    It is well settled that the judicial review provisions of the APA apply "except to the
28 extent that . . . statutes preclude judicial review." 5 U.S.C. § 701(a)(1). The PRA is one

DEFENDANT'S MOTION TO DISMISS
 (2:13cv2011-MJP ) - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

such statute that precludes judicial review of Postal Service activities.  Specifically, the PRA states that "no Federal law dealing with public or Federal contracts, property, works, officers, employees, budgets, or funds, including the provisions of chapters 5 and 7 of title 5 [i.e. the APA administrative procedures and judicial review provisions], shall apply to the exercise of the powers of the Postal Service." 39 U.S.C. § 410(a).

The Western District of Washington has specifically held that, "[e]ven though the APA, 5 U.S.C. § 706, generally subjects agency actions to judicial review, the PRA specifically exempts the Postal Service from such review." *Currier,* 190 F. Supp.2d at 1228. The Ninth Circuit affirmed the decision stating ". . . the PRA provides that various forms of federal law, including the APA, that normally apply to government entities do not apply to the [Postal] Service." *Currier*, 379 F.3d at 725 (*citing* 39 U.S.C. § 410(a)).  The Ninth Circuit further held that the Postal Service is exempt from the APA's general mandate of judicial review of agency actions.  *Id*.

Moreover, Causes of Action 1, 2, 3, 4 and 5 can alternatively be dismissed because Plaintiff appears to be complaining about the actual EEO processing of certain complaints and such challenges are generally not separately actionable in District Court.  *See* 29 C.F.R. 1614.107(a)(8); *Jordan v. Summers,* 205 F.3d 337, 342 (7th Cir. 2000); *Sager v. McHugh*, 947 F. Supp. 2d 1137, 1147 (W.D. Wash 2013).[2]

**2**.     **Cause of Action 10.**

In Cause of Action 10, Plaintiff appears to be challenging the Postal Service's procedures with respect to using alternative dispute resolution ("ADR").

Although the PRA waives sovereign immunity for suits against the Postal Service, a Plaintiff must also show that the "source of substantive law upon which [he] relies provides an avenue for relief." *FDIC,* 510 U.S. at 484; *see also Currier*, 379 F.3d at 725; *Janakes v.*

---

[2] In approximately the first 20 pages of Plaintiff's amended complaint he expresses dissatisfaction with the processing of his EEO complaint.

DEFENDANT'S MOTION TO DISMISS
 (2:13cv2011-MJP ) - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*U.S. Postal S*erv., 768 F.2d 1091, 1093 (9th Cir. 1985). Plaintiff has not made the required showing.

Plaintiff invokes the Administrative Disputes Resolution Act ("ADRA") (5U.S.C. § 571)*³* and the Declaratory Judgment Act, 28 U.S.C. § 2201. Neither of these statutes, however, confer jurisdiction for this claim.*⁴* The government has been unable to find any authority to support a finding that the ADRA provides a private right of action for federal employees to challenge how an agency conducts ADR. As to the Declaratory Relief Act, although it can provide an additional remedy, there has to be a separate, independent basis for jurisdiction before a court can order declaratory relief. *Staacke v. U.S. Sec'y of Labor*, 841 F.2d 278, 289 (9th Cir. 1988).

Even if the above statutes provided a private right of action for challenging how an agency satisfies its obligation to conduct ADR, the PRA would preclude such a suit against the Postal Service. In an earlier case brought by this Plaintiff, this Court found, "[u]nless otherwise mandated by statute, Postal Service actions are not reviewable as violations of federal law." *McDermott v. United States Postal Service,* 2007 WL 777520 * 2 (W.D.Wash., March 12, 2007) (citing to *Harper v. Frank*, 985 F.2d 285, 289 (6th Cir. 1993). The Ninth Circuit has also held that the PRA provides that various forms of federal law, including the APA, that normally apply to government entities do not apply to the Postal Service. *Currier*, 379 F.3d at 725 ("Given this statutory backdrop, we are satisfied that the PRA evinces Congress's general intent to withdraw judicial scrutiny of postal regulations.").

Additionally, even if Postal Service regulations were generally subject to judicial review, the PRA would still preclude Plaintiff from bringing this claim. The PRA provides a specific procedure through the Collective Bargaining Agreements ("CBA") to address Postal Service employees' grievances regarding matters affecting their conditions of employment.

---

3  In his amended complaint Plaintiff cited to Pub Law 104-320, Sec 9, which is 5 U.S.C. § 571
4  To the extent that the ADRA confers jurisdiction for challenges to agency action, jurisdiction lies with the Court of Federal Claims and review is brought under the APA. *Avtel Services, Inc.* 70 Fed. Cl. 173, 183(Fed. Cl. 2006).

DEFENDANT'S MOTION TO DISMISS
 (2:13cv2011-MJP ) - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The PRA does not adopt Chapter 71 of the CSRA, which pertains to other federal employees' grievances.  39 U.S.C. § 410(a); *see generally Pereira*, 964 F.2d at 875; *Burke v. U.S. Postal Serv.*, 888 F.2d 833, 834 (Fed.Cir. 1989).  Instead, "[t]he language of the PRA operates to exclude from the broad grant of federal subject matter jurisdiction the grievance claims of U.S. Postal Service workers, limiting them instead to the remedies under their Collective Bargaining Agreement ("CBA").  *McDermott,* 2007 WL 777520 at *2; *see also* 39 U.S.C. §§ 1206 and 1209.  Thus, there is no private right of action for a Plaintiff's Service employee's labor-related complaints.

Finally, even if the PRA did not preclude this claim, Plaintiff lacks standing to pursue Cause of Action 10.  It is well settled that to have standing a Plaintiff must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction.  *See Owen v. Mulligan*, 640 F.2d 1130, 1132 (9th Cir. 1981); *U.S. v. City of Pittsburgh, California*, 661 F.2d 783, 786 (9th Cir. 1981) (A plaintiff must allege a distinct and palpable injury to himself to possess standing); *Rivas v. Rail Delivery Serv., Inc.*, 423 F.3d 1079, 1082 n.1 (9th Cir. 2005) (For a plaintiff to bring a claim on his own behalf, he must show that he has suffered some actual or threatened injury as a result of defendants' conduct and that a decision in plaintiff's favor is likely to redress the injury.).  In this case, Plaintiff has not shown that he was injured in any way by the manner in which the Postal Service implements ADR.

**3**.     **Cause of Action 11.**

In this cause of action, Plaintiff appears to be bringing a constitutional claim against a Postal Service Inspector in her official capacity.  This claim, however, fails on many levels.

First, although Plaintiff appears to be alleging jurisdiction pursuant to 42 U.S.C. 1983, this statute is not applicable in this case.  The plain language of 42 U.S.C. § 1983 establishes that this section does not apply to conduct of the federal government or its employees, nor does it waive the government's sovereign immunity.  *See* 42 U.S.C. § 1983. ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, *of any State or*

DEFENDANT'S MOTION TO DISMISS
 (2:13cv2011-MJP ) - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Territory or the District of Columbia*, subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.") (emphasis added); *see also Cannon v. Univ. of Chicago,* 441 U.S. 677, 700 n. 27 (1979) ("42 U.S.C. § 1983 assuredly is not available for suits against the United States); *Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997)*; see also Stonecipher v. Bray,* 653 F.2d 398, 401 (9th Cir. 1981) (holding that plaintiff had no cause of action against the IRS under section 1983 because the IRS is a federal agency and its agents performed no acts under color of state law.).

Second, although federal employees can be individually sued for constitutional violations (*Bivens*[5] claims), federal employees, in general, are precluded by the CSRA, and Postal Service employees by the PRA, from bringing such claims. *See Pereira,* 964 F.2d at 875 (*citing Pipkin v. U.S. Postal Serv*., 951 F.2d 272, 275 (10th Cir. 1991)). "Because Congress has provided a comprehensive procedure to address postal employees' constitutional claims arising from their employment relationship with the USPS, those arbitration procedures preclude plaintiffs' Bivens claims." *Pipkin,* 951 F.2d at 275-76. *See also, Turner v. Holbroo*k, 278 F.3d 754, 757-58 (8th Cir. 2002); *Klein v. Potter*, 43 Fed. Appx. 960, 961-62 (7th Cir. 2002) (The Postal Service's comprehensive grievance process precludes relief over First Amendment claim); *Ellis v. U.S. Postal Service*, 784 F. 2d 835 (7th Cir. 1986) (precluding review of fifth amendment due process claims where Congress expressly authorized adoption of final and binding grievance provisions in Postal Service collective bargaining agreements which establish multi-step procedure culminating in binding arbitration).

Finally, if Plaintiff is attempting to bring a tort claim, there is still no jurisdiction for such a claim. Although the government acknowledges that, in general, the Federal Tort Claims Act ("FTCA") waives the Postal Service's immunity when its employees act

---

[5] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

DEFENDANT'S MOTION TO DISMISS
(2:13cv2011-MJP ) - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

negligently within the scope of their official duties, the PRA precludes Postal Service employees from bringing tort claims based on employment-related actions. *Kennedy,* 143 F.3d at 1078. Even if the PRA did not preclude Plaintiff from bringing a tort claim, this Court would still lack subject matter jurisdiction to hear an FTCA claim, because Plaintiff has not established that he exhausted his administrative remedies. See 39 U.S.C. § 409(c); 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2675(a) [6]; *see also Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). The administrative claim requirement mandates that a plaintiff present a claim to the appropriate federal agency within two years of the date it accrues. *Staple v. United States*, 740 F.2d 766, 768 (9th Cir. 1984); *see also Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). Moreover, as a jurisdictional prerequisite, an FTCA action can only be instituted once an administrative claim is denied, either actually or constructively by the agency's failure to act upon the claim within six months. 28 U.S.C. § 2675(a). Thus, a FTCA action may not be maintained when the claimant fails to exhaust administrative remedies prior to filing suit. *McNeil v. United States*, 508 U.S. 206 (1993); *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992); *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974) (statutory procedure is clear that a tort proceeding may not be commenced in court against the United States until a claim has been conclusively denied or there has been a lapse of six months without action); *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985) (claim requirement is jurisdictional in nature and may not be waived).

Here, Plaintiff has failed to show that he filed any administrative claim with the Postal Service, and, therefore, there is no jurisdiction for any tort claim.

---

[6] "An action shall not be instituted upon a claim against the United States for ... injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . ." 28 U.S.C. § 2675(a).

DEFENDANT'S MOTION TO DISMISS
(2:13cv2011-MJP ) - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**4.     Causes of Action 12, 13 and 14.**

In these causes of action Plaintiff appears to generally challenge various Postal Service policies and procedures. Although Plaintiff asks generally for a declaratory judgment, he fails to establish any independent jurisdictional bases for these challenges and, indeed, there is no jurisdictional basis to be found.

Administrative decisions made pursuant to Postal Service regulations are generally non-reviewable because, among other things, Congress granted the Postal Service extensive authority to carry out its functions, and also specifically exempted the Postal Service from the APA. *See e.g. Concept Automation, Inc. v. U.S. Postal Serv.*, 887 F. Supp. 6, 8 (D.D.C. 1995) (no jurisdiction to review Postal Service's decisions whether to award contracts); *Unicover Corp. v. United States Postal Serv.*, 859 F. Supp. 1437, 1444-45 (D.Wy., 1994) (no jurisdiction to challenge administrative decisions concerning creation of philatelic rarities); *Morris v. Runyon*, 870 F. Supp. 362, 368-69 (D.D.C., 1994) (no jurisdiction to challenge distribution of error sheets) (citing *Protestants and Other Americans United for Separation of Church and State v. O'Brien*, 272 F. Supp. 712, 713 (D.D.C.1967), rev'd on other grounds, *Protestants and Other Americans United for Separation of Church and State v. Watson*, 407 F.2d 1264 (D.C.Cir.1968) (administrative discretion of the Postmaster General in selecting designs for postage stamps is nonreviewable); *Westwood Promotions, Inc. v. United States Postal Serv.*, 718 F. Supp. 690, 692-94 (N.D.Ill.1989) (there is no judicial review of the grant or denial of postage refunds); *Shelby Resources, Inc. v. United States Postal Serv.*, 619 F. Supp. 1546, 1548-49 (S.D.N.Y.1985) (a challenge to Postal Service delivery schedules was not judicially reviewable); *Tedesco v. U.S. Postal Serv.*, 553 F. Supp. 1387, 1388 (W.D. Penn., Jan. 17, 1983) (no jurisdiction exists to review the Postal Service's decisions in determining where to establish post offices).

Finally, even if Plaintiff could establish jurisdiction for Causes of Action 12, 13 and 14, the claims would have to be dismissed for lack of standing.

DEFENDANT'S MOTION TO DISMISS
(2:13cv2011-MJP ) - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Supreme Court has established the minimum constitutional requirements for standing. "First, the plaintiff must have suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be fairly trace[able] to the challenged action of the defendant, and not th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotations omitted). The party invoking federal jurisdiction bears the burden of establishing standing. *Id.*, at 561.

The Ninth Circuit also has repeatedly held that federal plaintiffs must allege some threatened or actual injury resulting from the putatively illegal action, before a federal court may assume jurisdiction. *Rivas v. Rail Delivery Serv., Inc*., 423 F.3d 1079, 1082 n.1 (9th Cir. 2005) (For a plaintiff to bring a claim on his own behalf, he must show that he has suffered some actual or threatened injury as a result of defendants' conduct and that a decision in plaintiff's favor is likely to redress the injury.). Generalized concerns in seeing that certain procedures are followed does not confer standing. *See Lujan*, 504 U.S. at 572-78. Similarly, an interest in seeing that the law is obeyed is also too abstract to confer standing. *See L. Singer & Sons v. Union Pacific R. Co*., 311 U.S. 295, 303 (1940).

Thus, to have standing Plaintiff has to show that he has suffered some actual or threatened injury as a result of defendant's conduct and that a decision in plaintiff's favor is likely to redress the injury. Plaintiff has not done so. Instead, in the above enumerated causes of action, Plaintiff appears to be complaining generally about Postal Service policies and procedures. He has not demonstrated any actual or threatened injury to himself with regard to his challenge to the Inspector General's authority to conduct non-discretionary investigations (Cause of Action 12), or the procedures for requesting inspection, copying or amendment of records (Cause of Action 13), or the procedures for disposal of public property (Cause of Action 14). Accordingly, these claims must be dismissed.

DEFENDANT'S MOTION TO DISMISS
(2:13cv2011-MJP ) - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### 5. Causes of Action 6, 15 and 16.

In Cause of Action 6, Plaintiff alleges a claim under the Americans with Disabilities Act ("ADA"). The exclusive remedy, however, for a federal employee claiming discrimination based on disability is under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq*; *Johnson v. Horne*, 875 F.2d 1415, 1420 (9th Cir. 1989). Thus, the government construes this as a claim under the Rehabilitation Act. In Cause of Action 15, Plaintiff alleges a retaliation claim, and in Cause of Action 16, Plaintiff appears to be alleging that he is seeking this Court's review of a mixed case that is pending before the Merit System Protection Board ("MSPB").

Although the bases for these claims are not clear, the government acknowledges that such claims, under certain circumstances, may be viable in District Court. All federal employees, including Postal Service employees, have a right of action to pursue disability claims in Federal Court. Also, retaliation claims based on engaging in activity protected under the anti-discrimination statutes are also potentially viable in District Court. Finally, although judicial review of pure MSPB cases lies exclusively with the Federal Circuit (5 U.S.C. § 7703; 5 C.F.R. § 1201.120), mixed cases (i.e. cases involving claims of discrimination) can, depending on the circumstances, be reviewed by the District Court. 5 C.F.R. § 1201.175; *Kloeckner v. Solis*, 133 S.Ct. 596, 607 (2012). In such a case, the District Court reviews the discrimination allegation *de novo* and the adverse action is reviewed on the record under an arbitrary and capricious standard.

Although there may be jurisdiction for these claims, the government submits that they should be dismissed for failure to state a claim. As stated above, courts can dismiss an action under 12(b)(6) where the plaintiff fails to allege either a cognizable legal theory or sufficient facts in support of a cognizable legal theory. *Balistreri*, 901 F.2d at 699. Also, although a complaint need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds entitling him to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp*,

DEFENDANT'S MOTION TO DISMISS
(2:13cv2011-MJP ) - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

550 U.S. at 555-56. The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* Plaintiff's Amended Complaint does not do so and should be dismissed for failure to state a claim.

In the alternative, Plaintiff should be required to provide a more definite statement as to Causes of Actions 6, 15 and 16 so that the government can formulate an answer.

### III.  CONCLUSION

For the foregoing reasons, the government respectfully asks that this Court grant its Motion to Dismiss Plaintiff's claims.

DATED this 19th day of June, 2014.

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

s/ *Marion J. Mittet*
MARION J. MITTET, WSBA #12758
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970
Fax: (206) 553-4073
E-mail: jamie.mittet@usdoj.gov

DEFENDANT'S MOTION TO DISMISS
(2:13cv2011-MJP ) - 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers;

It is further certified that on June 19, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant(s):

-0-

I further certify that on June 19, 2014, I mailed by United States Postal Service the foregoing document to the following non-CM/ECF participant(s)/CM/ECF participant(s), addressed as follows:

Lance P. McDermott
Pro Se
1819 South 104 St.
Seattle, WA 98168
Phone:  (206) 763-6268

DATED this 19th day of June, 2014.

                                        s/ *Taryn B. Henley*
TARYN B. HENLEY, Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone:  (206) 553-7970
Fax:  (206) 553-4067
E-mail:  taryn.henley@usdoj.gov

DEFENDANT'S MOTION TO DISMISS
(2:13cv2011-MJP ) - 15

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970