United States District Court,
Western District of Washington

FILED
LODGED
ENTERED
RECEIVED

AUG 06 2014

CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
DEPUTY

|  |  |
|---|---|
| Lance P. McDermott | ) No. C13-2011-MJP |
| Plaintiff, | ) |
| vs. | ) Motion to Amend |
| U.S. Postal Service, *Et Al,* | ) Noted for Consideration on 22 August 2014 |
| Defendant(s). | ) |

The Agency has indicated that they are going to limit discovery to the Equal Employment Opportunity (EEO) issues of my Complaint. The Court's Order, 7 March 2014, gave a deadline for motions related to discovery, 6 August 2014. Narrowing discovery to the EEO issues when the Agency has not served answer to my other causes of action and issues I believe is wrong, not within the scope of Rule 26, *Kozlowski v. Sears, Roebuck & Co.,* 73 F.R.D. (Mass. 1976). However, I do not see how to make a motion to compel discovery before the August 6 deadline. I also seek to Amend to add the related injuries I have suffer from the American Postal Workers Union (APWU) Officials. Therefore, I seek consolidate all of my EEO Complaints and desire to add the APWU Officials who share in the Constitutional and Statutory violations of my rights.

1. I seek to Amend to consolidate my related EEO Complaints and ask for review of:

(a)  U.S. Postal Service (USPS) National EEO Investigative Services Office (NEEOISO) Final Agency Decision (FAD), 1E-985-0001-14, 24 January 2014 (exhibit 77). Page 2, - "… defines a 'mixed case complaints' …"   Page 3, - "…The record establishes that you filed an appeal with the MSPB concerning the same action challenged in issues…"  Page 4, - "Regarding issues #3, #4, #5, and #6, these are extensions of your Enforced Leave from May 30, 2013, …"

(b)  Equal Employment Opportunity Commission (EEOC) Appeal FAD, 1E-985-0004-12,

1  11 February 2014 (exhibit 78). - "…Complainant also continues to raise the argument that his

2  complaint is misdefined.  There is no error in the definition of the issues of the complaint…"

3      (c)  EEOC Appeal FAD, 4E-980-0032-14, 24 July 2014 (exhibit 79).  Page 1, - "The record

4  listed under the above referenced docket number is being closed because you requested

5  withdrawal of the appeal so that you could consolidate it with your civil action."

6      (d)  NEEOISO Appeal Response, 4E-980-0032-14, 25 July 14 (exhibit 80), was made after

7  the EEOC OFO closed the Appeal and gave me the right to consolidate my claims with the civil

8  complaint.  Page 2, - "…The record further discloses that the claims the appellant raised in the

9  above-captioned civil action are the same the appellant raised as issues 1-6 in the instant

10  complaint.  29 CFR 1614.107(a)(3) enables the agency to dismiss a complaint that is the basis of

11  a pending civil action …"  Page 3, - "… Moreover, issues #1 through #6 the appellant raised in

12  the instant complaint are identical to issues the appellant raised in previous EEO Complaint No.

13  1E-985-0001-14 and 1E-985-0006-13…"

14

15  Since the Agency could find "identical" issues in the EEO Complaints but could not identify

16  the issues in the Amended Complaint to give an Answer, allowing me to Amend (again) would

17  give the Agency another chance to form a proper answer to the causes of action and issues of my

18  claims.  Consider that in *National Association of Government employees, Inc. v. National Fed.*

19  *Of Federal Employees*, 844 F.2d 216, 223 (5th Cir. 1988), the Court found, "*** [I]f an initial

20  complaint passes the test of non-frivolousness…" and the Court in its Order, 7 June, found that

21  my Amended Complaint was not "unintelligible."

22  The Agency has wronged me in asking for dismissal of NEEOISO "Specific Issues" because

23  of filing a civil action for review of MY UNHEARD ISSUES.  The Agency again harmed me in

24  seeking to dismiss my civil claims denying me any Administrative or Civil relief.  Further, both

25  the Agency's and the EEOC's FADs are based on the Agency's "Specific Issues" created by the

1  Agency's Contractors without my agreement (due process) and other Constitutional or Statutory

2  violations.  The Agency's FADs were created by out-of-state non-jurisdictional NEEOISO

3  Contractor (Presidential Memorandum on Government Contracting, March 4, 2009) performing

4  an Inherently Governmental Human Resource Function (Office of Management and Budget

5  (OMB) Circular A-76) and Critical Governmental Function (OMB Performance of Inherently

6  Governmental and Critical Functions (76 FR 56277 Sept 12, 2011)) who cannot testify as to the

7  truth of the Agency's "Specific Issues," Investigation Findings, or the FADs, i.e. HEARSAY.

8      USPS OIG Report HA-MA-08-001, 21 February 2008, shows the Agency use to employ 24

9  EEO Analysts, 99 Investigators and 35 FAD Writers before contracting out the Human Resource

10  (HR) work.  The Agency closed the District HR Offices and now employees must use a "Self-

11  Service" internet based HR (FMLA) system and Official Personnel File (OPF, Privacy Act)

12  controlled by out-of-state Contractors who have no accountability for the HR damage they do.

13  When the District HR Offices were closed (and sold) the Agency moved its Law Department

14  Attorneys from the Area Offices into the Districts and assigned the EEO Complaints that make it

15  to the administrative hearing process to quash the claims in the early stages.  The Agency is

16  continuing to form a spin-off Agency Critical Personnel work to an "Employee Stock Ownership

17  Program" Private Companies using Public Funds and enriching former Government Officials.

18  When I first complained in my EEO Complaints and filed a Complaint with the USPS Judicial

19  Officer (exhibit 32, 6 April 2013) for jurisdictional and delegation of authority review there were

20  126 Contract EEO Investigators (exhibit 36, back page) and now there are 240 (list on the

21  internet) Contract Investigators, some retired federal HR/EEO employees *Griffin v. USPS*, 356

22  F.3d 824 (7th Cir. 2004), making more than $100,000 per-year, when the Postal Service has half

23  the number of Employees filing EEO Complaints.

24      I believe that the Agency is possibly suffering from a condition of "brown eyeballs," *Wheat v.*

25  *Eakin*, 491 S.2d 523 (Miss. 1986), and cannot see the truth of my claims. – Civil Procedure,

1  WEST 2000, page 189.

2

3     2. I would like to amend my Complaint by adding the Greater Seattle Area Local American

4  Postal Workers Union (APWU), AFL-CIO, serving a copy of the amended complaint and

5  summons to President Myna Umali and Maintenance Craft Director George Engel for their

6  failure to assist and represent me, a (now-former) Union Steward (exhibit 81).

7     I believe that their actions (inactions) were in retaliation for my protected speech, *Kowaleviocz*

8  *v. Local 333, International Longshoremen's Assoc.*, 942 F.2d 285 (4th Cir. 1991), in protesting

9  the "sweetheart" deals (*United Mine Workers of America v. Pennington*, 381 U.S. 657 (1965)

10  "union abandon its efforts," damages under 15 U.S.C.A. 15) and the conspiracy to defraud the

11  Union Trust Fund by pay Local Union Officials salaries (exhibit 81), in violation of the AFL-CIO

12  Codes of Ethical Practices - self-enrichment, *Highway Truck Drivers and helpers local 107 v.*

13  *Cohen*, 284 F.2d 162 (3rd Cir. 1960). See *Bowen v. USPS*, 459 U.S. 212, 103 S.Ct. 588, 74

14  L.Ed.2d 402 (1983), the District Court entered judgment against the Service for discharging

15  Bowen without just cause (Enforced Leave) and against the Union for handling Bowen's

16  "apparently meritorious grievance … in an arbitrary and perfunctory manner" (See exhibits 44,

17  56 & added 82.) Also see *Vaca v. Sipes*, 386 U.S. 171 (1967), - "…recover damages from

18  both…" – Labor Law, The Foundation Press, Inc. 1996, page 1057.

19

20     In *Ross v. A.H. Robins Co.,* 446 U.S. 946 (1980), the Court held, - "…plaintiff should be given

21  a final chance to replead [before dismissal]…"

22     I ask the court to allow me to amend my Complaint to clarify the causes of action and issues so

23  that the Agency (and the Union) can respond with a proper answer and full discovery in the

24  interest of justice for all parties.

25

1    Respectfully submitted and sworn to this 5 August 2014,

2

Lance McDermott
3    1819 So 104th St
Seattle, WA 98168
4    206 331-1990

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District Court of Washington

| | |
|---|---|
| Lance McDermott | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| | ) |
| U.S.Postal Service, et al, | ) |
| & | ) |
| Greater Seattle Area Local | ) |
| American Postal Workers Union (APWU), et al. | ) |
| _Defendant(s)_ | ) |

Civil Action No.  C13-2011-MJP

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Seattle APWU President
Myrna Umali
132 SW 153rd St.
Burien, WA  98166-2312

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Lance McDermott
1819 So 104th St.
Seattle, WA 98168

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District Court of Washington

| | | |
|---|---|---|
| Lance McDermott | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | Civil Action No.  C13-2011-MJP |
| v. | ) | |
| | ) | |
| U.S.Postal Service, et al, | ) | |
| & | ) | |
| Greater Seattle Area Local | ) | |
| American Postal Workers Union (APWU), et al. | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Seattle APWU Maintenance Craft Director
George Engel
132 SW 153rd St.
Burien, WA  98166-2312

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Lance McDermott
1819 So 104th St.
Seattle, WA 98168

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                   _____
                                                          *Signature of Clerk or Deputy Clerk*

Lance McDermott v. USPS, 2:L3cv20L1-MJP, 6 August 2014, Exhibits:

1- EEOC 0FO FAD on Appeal, 1E-985-0004-12, 9 Aug 13
2-USPS FAD 1E-985-0004-12, 12 February 2013
3- Motion for Reconsideration, 1E-985-0004-12, 9 Sept 13
4- EEO OFO FAD on Appeal, 1E-981-0044-08, 10 Nov 08
5- Formal EEO PS Form 2565, 2 Jun 17
6- Pre-Complaint, 13 Aug 12
7- EEO Inquiry Report PS Form 2570, 9 Jul 12
8- NEEOISO Acceptance, 1E-985-0004-l2, 23 Jul 12
9- Response in disagreement, 29 Jul 13
10- NEEOISO Amendment, 2l Jun 12
1.1- Maintenance Mechanic PS-10, Essential Duties
12' Contract EEO Investigator assigned, 17 Aug 12
13-Response in disagreement 22 Aug 13
14- NEEOISO Amendment, 30 Aug 12
15- Contract EEO Investigation 148 Questions, 4 Sept 12
16- Appeal to OFO, 12 Sept 12
17- NEEOISO Response to Objection to Accepted Issues, 16 October 2012
18- EEO Motion for Class Action, (Judicial Officer) Nov 12
19- NSSOISO Response to Class Action, 4 Dec t2
20- RFI, Neumeister, 9 May 12, 18 USC 207 - Investigation, 2 Jul 12, Letter of Warning, 23 Jul t2
21- HWE IMIP "Report" for incident3 Dec 12, MMO Norman Allen - (undated)
22- Email Western Area Mgr Delgado, LR Mgr Foster, Mgr Norris, Dr, Picard, Mgr Abbott, MMO Allen, MMO Marzec, RN Daniels 3,4,5,8, 15 Feb 13
23"Medicaldocumentation demand, MMO Marzec, 6 Feb 13; LOW Attendance, 7 Feb 13
24- Duty Status Form, SPO-51-, RN Daniels, 15 Feb 13
25- Request for Permanent Light Duty Assignment, given by MMO Marzec, 27 Feb 13; EL-312, FMLA Forms; PS Form 2489, Self-Id of Physical- Disability; PS Form 2485-C Medical Assessment
26- EEOC OFO Response to processing complaint, 3 Jan 13
27- Referral for Reasonable Accommodation Consideration given MMO Marzac, 24Mar 13
28- Complaint to DOL, FMLA violations, 1 Apr 13
29- Notice, Enforced Leave, SMO Dow, 8 Apr 13
30- Complaint to HRSSC FMLA, 1 Mar 13
31- NEEOISO Acceptance/Dismissal, 1E 985-0006-13, 25 Mar 13
32- Complaint - Judicial Officer, 6 April 13 &, 18 Apr 13; NEEOISO reply, 25 Apr 13
33- Notice - Enforced Leave, - prohibited, MMO Marzec, 8 May 13
34- Enforced Leave, Mgr Norris, 3O May 13
35- Email, SMO Dow, MMO Marzec, Mgr Norris, OIG Snyder, Denver Henderson, OIG Corf, Dr. Picard, Inspector Brooks, Western Area LR Hanschen, Denver Henderson, Denver Braccis, Denver Laveda
36- Complaint EEOC OFO, 5 July 13; List of Contract EEO Investigators
37- Letter Mgr Norris, interactive process, 22 August 2013
38- RFI, Policy - No Policy for Enforced Leave, 7Jun 13, MPE Job Qualifications
39- Email APWU Angelini, MMO Marzec, Annual leave, FMLA, for 160 hrs, for an On-the-job injury,4,6 Jun 13
40- Letter to Mayor SeaTac, 4 May 09; DM Nash, 8 May 09; Mayor, 18 May 09; Civil Action, 4 Jun 09
41- Letter to GAO, no PO-408 Area Mail Processing Plan
42- Complaint to PRC, AMC, 27 May 2010

43- PMA Safety inspection, FY2009-2010, Insect bites
44- Grievance Class Action, no HVAC, MNT49-10,2L Jul 10, RFI 3 Aug 10, MNT49-10, 10 Sep 10
45- Post of Seattle Meetings minutes, AMC, 26 Aug 08
47- RFI, Neumeister, contracts, MNT49-10, AIVP, ROP, AMC, 9 May 12
48- Affidavit 5M0 Dow, 19 5ep 12
49- Affidavit Mgr Norris, 26 Sep 12
50- RFI, PO-101 RON, PO-408 AMP, AMC, MTESC, Contractors, 26 May 13
51- PMA Safety & Health Inspection, mosquitos are biting, 19 Jun 13
52- NEEOISO Response, 21 May 13
53- Complaint EEOCOFO, "fully addresses all relevant issues," 5 Jun L3
54- NEEOISO Response to Objections, 16 Jul L3
55- Complaint EEOCOFO, "decision denying me my protected rights," 26 Jul 13
56- Grievance Step L, "The supervisor granted the protected FMLA leave," 23 May 2013
57- Recorded Transcripts, workroom, breakroom of Inspectors, - Removal, l Sep 13
58- NEEOISO Amendment, 1E-985-0006-13, 7 Jun 13
59- NEEOISO Amendment, 1E-985-0006-13, 28 Jun 13
60- Recorded Transcript, Workroom, breakroom, SMO Dow, Kent Police, Inspectors, - Removal, 1 Jul 13
61- Medical Examination, Vision, 24 Oct 96, Health Unit Case Report, 5, 7 Feb 1.3
62- Return to Work Docs, 21 Aug 13
63- NEEOISO FAD, LE-985-0006-13, 4 Nov 1.3
64- Seattle DOL WHD right to sue - FLMA, L5 Apr 13
Added 10 February 2014
65- Agency Response, MSPB SF-0752-13-0633-I-1, 23 Sep 13
66- Agency Response, EEOC 551-2008-00170X, 24 Sep 08
67- OIG investigation 12HHQ2030, 18 Nov 11
68- OIG Interview, 1898225-WPV, Postal Inspector Initial Report, 1 Jul 13
69- Email, MMO David Marzec to USPS Attorney Michael Tita, Threat Assessment Team Leader Dr. David Picard, 3 Apr 13 - Machete
70- Agency Response to union Request for Information, 15 Jul 13, - "...'probable cause' is not required."
71- Letter sent to Seattle GHR Manager, 2 Dec 13
72- Seattle HR Manager Delgado response, 11 Feb 14
73- Letter sent to Seattle HR Manager, 14 Feb 14
74- PS Form 2485, Medical Exam, 24 Oct 1996
Added 10 march 2014
75- Letter from MM Norris, return to work, 6 Mar 14
76- Email, Nurse Daniels, HR Mgr Foster, Affidavits -- SMO Dow, MMO Marzec, MM Norris
Added 6 August 2014
77- NEEOISO FAD, 1E-985-0001-14, 24 Jun 14
78 - EEOC Appeal FAD, 1E-985-0004-12, 11 Feb 14
79 - EEOC Appeal, 4E-980-0032-14, Consolidate with Civil, 24 Jul 14
80 - NEEOISO Appeal Response, 4E-980-0032-14, 25 July 14
81 - Letter from APWU, Engel 4 Mar 14
82- Grievance, not paid for working, Denial – MMO Marzec, 11 Oct 13

National EEO Investigative Services Office





# UNITED STATES POSTAL SERVICE
# EQUAL EMPLOYMENT OPPORTUNITY
# IN THE MATTER OF:

LANCE P MCDERMOTT
1819 S 104th St
Seattle WA 98168-1647
Complainant,

USPS Tracking No. Complainant:
    9114 9011 2308 6001 6646 99

v.

PATRICK R. DONAHOE
Postmaster General
United States Postal Service
Western Area
Agency.

Agency Case Number: 1E-985-0001-14

Date Formal Filed: November 20, 2013

## *DISMISSAL OF FORMAL EEO COMPLAINT*

The agency acknowledges the receipt of the formal complaint of discrimination referenced above.  Enclosed is PS Form 2570, EEO Dispute Resolution Specialist's Inquiry Report.  This is the Postal Service's final decision on the above-cited discrimination complaint.

<u>Specific Issue(s)</u>: You allege discrimination on the basis of Retaliation (Prior EEO Activity) and Disability (Color Blind), when you were subjected to a hostile work environment in regards to:

1. On April 4, 2013 your Supervisor filed a false threat report and emailed the Postal Inspectors that you were stealing Postal property;
2. On April 8, 2013 the Postal Inspectors violated your rights when they detained you, searched your car and took your personal property;
3. Since May 2013, while on enforced leave, you have not been paid for your part days worked or Holidays;
4. On July 1, 2013 your Supervisor called the Police Department and reported you as an ex-employee and a threat, and you were searched for weapons by the Police;
5. On July 1, 2013 your Supervisor demanded you fill out a light duty/reasonable accommodation request for FMLA protected leave, called the Postal Inspectors who searched your belongings and your car, took your badge and escorted you out of the building; and

P.O. Box 21979
Tampa, FL  33622-1979

*77*

– 2 –

6. On September 1, 2013, your Supervisor refused your return to work documents, ordered you to leave the facility and called the Postal Inspectors who removed you from the building.

Chronology

You were a Maintenance Mechanic MPE at the agency's Seattle Priority Mail Annex in Kent, Washington at the time of the alleged discriminatory action. The record reflects that you requested pre-complaint processing on October 7, 2013, and received a Notice of Right to File an Individual Complaint of Discrimination (PS Form 2579-A) on November 7, 2013. Subsequently, on November 20, 2013, you filed a formal complaint of discrimination with the agency.

Analysis and Conclusion

3. *Since May 2013, while on enforced leave, you have not been paid for your part days worked or Holidays;*

4. *On July 1, 2013 your Supervisor called the Police Department and reported you as an ex-employee and a threat, and you were searched for weapons by the Police;*

5. *On July 1, 2013 your Supervisor demanded you fill out a light duty/reasonable accommodation request for FMLA protected leave, called the Postal Inspectors who searched your belongings and your car, took your badge and escorted you out of the building; and*

6. *On September 1, 2013, your Supervisor refused your return to work documents, ordered you to leave the facility and called the Postal Inspectors who removed you from the building.*

29 C.F.R. §1614.302(a)(1) defines a "mixed case complaint" as a complaint of employment discrimination filed with a Federal agency based on race, color, religion, sex, national origin, age, or handicap related to or stemming from an action that can be appealed to the Merits Systems protection Board (MSPB). A "mixed case appeal" is defined at 29 C.F.R. §1614.302(a)(2) as an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap, or age. Issues which can be appealed to the MSPB are described at 5 C.F.R. §1201.3 and include *Enforced Leave.* Individuals who can appeal to the MSPB are identified in 39 U.S.C. 1005 (a) and Public law 011-90 and include veteran's preference eligible employees.

In issues #3, #4, #5 and #6 of the instant complaint, you allege that you were put out on enforced leave effective May 30, 2013 and have not been paid correctly, have not been allowed back onto Postal Property and have been instructed to fill out a

77

– 3 –

reasonable accommodation or light duty request regarding your limitations in order to come back to work.

Since this is a mixed case, you may elect initially to file either a mixed case complaint with the agency or a mixed case appeal directly with the Merit Systems Protection Board (MSPB) pursuant to 5 C.F.R. §1201.151, but not both.   See 29 C.F.R. §1614.302(b). EEOC regulations, specifically 29 C.F.R. §1614.107(a)(4), provide that an agency shall dismiss a complaint where the complainant has first raised a "mixed case" issue in an appeal to the MSPB and, therefore, made the election contemplated by 29 C.F.R. §1614.302.

The record establishes that you filed an appeal with the MSPB concerning the same action challenged in issues #3, #4, #5 and #6 of the instant complaint.  You filed your MSPB appeal on June 25, 2013 and the appeal is docketed under MSPB Docket No. 0201303990.  In contrast, your formal complaint was filed on November 20, 2013, or **148 Days** after you filed your MSPB appeal.  Since you have made an election to proceed before the Merit Systems Protection Board, Issues #3, #4, #5 and #6 in your formal complaint of discrimination is now dismissed in accordance with 29 C.F.R. §1614.107(a)(4).   *See Rodriguez v. U.S. Postal Service,* EEOC Appeal No. 0120080575 (February 7, 2008) and *Fuller v. U.S. Postal Service,* EEOC Appeal No. 0120065001 (October 19, 2007), citing *Hammond v. General Services Administration,* EEOC Request No. 05940428 (August 25, 1994).

---

2. *On April 8, 2013 the Postal Inspectors violated your rights when they detained you, searched your car and took your personal property;*
3. *Since May 2013, while on enforced leave, you have not been paid for your part days worked or Holidays;*
4. *On July 1, 2013 your Supervisor called the Police Department and reported you as an ex-employee and a threat, and you were searched for weapons by the Police;*
5. *On July 1, 2013 your Supervisor demanded you fill out a light duty/reasonable accommodation request for FMLA protected leave, called the Postal Inspectors who searched your belongings and your car, took your badge and escorted you out of the building; and*
6. *On September 1, 2013, your Supervisor refused your return to work documents, ordered you to leave the facility and called the Postal Inspectors who removed you from the building.*

*Additionally*, Equal Employment Opportunity Commission (EEOC) Regulations 29 C.F.R. §1614.107(a)(1) provides that prior to a request for a hearing in a case, the agency shall dismiss an entire complaint that fails to state a claim under 29 C.F.R.

77

- 4 -

§1614.103 or 29 C.F.R. §1614.106(a) or that states the same claim that is pending before or has been decided by the agency or the Commission. The Commission has held that the same claim is one that sets forth identical matters. *Terhune v. United States Postal Service,* EEOC Request No. 05950907 (July 18, 1997). For purposes of determining whether a new complaint states the same claim, the Commission focuses on the action(s) or practice(s) of the agency about which the complainant complains. *Meros v. Department of Commerce,* EEOC Request No. 05950690 (January 10, 1997).

The issues raised in your instant complaint, as stated above, are identical or an extension of the claims raised in your previous EEO Complaint Number 1E-985-0006-13. You received a Final Agency Decision on November 4, 2013 regarding EEO Complaint Number 1E-985-0006-13. In Complaint Number 1E-985-0006-13 the Final Agency Decision addressed the issues of, among others, when on April 8, 2013 the Postal Inspectors removed the machete from your car, on April 8, 2013 you were requested by your manager to participate in the District Reasonable Accommodation Committee and/or request light duty based on your restrictions and on May 30, 2013 you were placed on Enforced Leave and instructed to leave the building.

Regarding issue #2, this is the identical issue that was extensively investigated in EEO Complaint Number 1E-985-0006-13. Regarding issues #3, #4, #5 and #6, these are extensions of your Enforced Leave from May 30, 2013, for which you are still out as of the date of this decision letter. The issue regarding your Enforced Leave from May 30, 2013 until present was extensively investigated in EEO Complaint Number 1E-985-0006-13 and included your light duty/DRAC request, incorrect pay, management refusing your medical documentation and you not being allowed into the building.

The Office of Federal Operations has affirmed the dismissals of complaints where the matters raised are identical to those raised in a previous complaint or request for pre-complaint counseling. *See generally Terhune, supra. See Rainville v. U.S. Postal Service,* EEOC Appeal No. 01A51952 (May 4, 2006) (identical issue settled in a previous complaint) and *Porter v. U.S. Postal Service*, EEOC Appeal No. 01A02013 (February 12, 2003) (identical issues previously decided by the Commission). See also, *Hogan v. U.S. Postal Service*, EEOC Appeal No. 01A24892 (January 30, 2003) and *Smith v. U.S. Postal Service*, EEOC Appeal No. 01A14221 (November 5, 2002) (termination claims identical to those raised in complaints under investigation); *Mozee v. U.S. Postal Service*, EEOC Appeal No. 01A20805 (October 16, 2002) and *Bailey v. U.S. Postal Service*, EEOC Appeal No. 01A20804 (October 11, 2002) (continuing denial of a requested accommodations identical to previous accommodation complaints).

Issues #2, #3, #4, #5 and #6 raised in the instant complaint are merely a reiteration and/or extension of the previous complaint, 1E-985-0006-13. There is no indication that the original fact pattern is distinctly different from that of the instant complaint; thus, there

77

– 5 –

is nothing in the record that would render these issues in the instant complaint independent from 1E-985-0006-13.

Therefore, the record shows that issues #2, #3, #4, #5 and #6 of your complaint are identical to a previous complaint and is now **dismissed** in accordance with 29 C.F.R. §1614.107(a)(1) as stating the same claim that is pending before or has been decided by the agency or Commission.

---

### 1. On April 4, 2013 your Supervisor filed a false threat report and emailed the Postal Inspectors that you were stealing Postal property.

*Furthermore,* regarding issue #1 in your instant complaint, based on the Case Chronology on page 2, your request for pre-complaint counseling was made **186 days** after you became aware of the issue alleged to be discriminatory – and well beyond the 45 day requirement.

29 C.F.R. §1614.107(a)(2) states that prior to a request for a hearing in a case, the agency shall dismiss an entire complaint that fails to comply with the applicable time limits contained in 29 C.F.R. §1614.105(a)(1) which specifies that an aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action. 29 C.F.R. §1614.105(a)(2) states that the agency shall extend the 45-day time limit when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

The Commission has adopted a "reasonable suspicion" standard to determine when the 45-day limitation period is triggered. *See Davis v. Department of the Air Force*, EEOC Appeal No. 01A21734 (March 18, 2003) and *Bowser v. U.S. Postal Service*, EEOC Appeal No. 01A05301 (June 13, 2002), *both citing Howard v. Department of the Navy*, EEO Request No. 05970852 (February 11, 1999). Moreover, the Commission has held that waiting until one obtains "proof" of discrimination similarly will not toll the time limit. *See Hernandez v. U.S. Postal Service,* EEOC Appeal No. 01A43044 (September 10, 2004) and *Bracken v. U.S. Postal Service,* EEOC Request No. 05900065 (March 29, 1990).

In issue #1 of the instant complaint, you allege that on April 4, 2013 your Supervisor filed a false threat report and emailed the Postal Inspectors that you were stealing Postal property. *This is a very specific event of alleged discrimination as documented by you*



– 6 –

*and are **186 days** prior to the date that you initiated contact with an EEO Counselor; well beyond the 45 day requirement as set forth in the EEOC Regulations.*

Title VII prohibits "unlawful employment practices." The term "practice" has repeatedly been interpreted to apply to a discrete act or single "occurrence," even when it has a connection to other acts. Each discrete act starts the limitations period and complainants who believe that they have been discriminated against in connection with such a discrete act must request counseling within the 45-day time period established in EEOC regulations 29 C.F.R. §1614.107(a)(2).  In *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101 (2002), the Supreme Court stated, "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice." Elsewhere, the Court noted, "Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the… [statutory]… time period after the discrete discriminatory act occurred."   The Office of Federal Operations has acknowledged that where a discrete act is involved in a complaint, a complainant must seek counseling within the established forty-five day period.   See *Cornwell v. Department of Interior*, EEOC Appeal No. 01A04763 (April 10, 2003).  Applying the standards announced in *Morgan*, you were obligated to request pre-complaint counseling no later than 45 days from the date when you became aware of the alleged discrimination, which would have been by May 19, 2013.

You did not claim that you were unaware of the time limit for contacting an EEO Counselor and the record contains an affidavit attesting to the fact that the EEO poster is appropriately displayed at your facility.  The EEO Dispute Resolution Specialist's Inquiry Report contains a statement to that effect. In *Yashuk v. U.S. Postal Service*, EEOC Request No. 05890382 (June 2, 1989), the Commission stated that, "…constructive knowledge will be imputed to an employee where an employer has fulfilled [its] statutory obligation by posting notices informing employees of their rights and obligations under Title VII…."

You have not provided any evidence that you were not aware of the time limit for contacting an EEO Counselor, or that despite due diligence you were prevented by circumstances beyond your control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

In fact, the record reflects that you have engaged in prior EEO activity (1E-981-0018-06, 1E-981-0022-08, 1E-981-0037-07, 1E-981-0044-08, 1E-985-0004-12, 1E-985-0006-13) so you are deemed to have constructive knowledge of the EEO complaint process and the applicable time periods for filing claims.

77

– 7 –

Furthermore, processing ceased on your previous EEO Complaint Number 1E-985-0006-13 on November 4, 2013 when you were issued the Final Agency Decision. Any allegation of discrimination, such as described in issue #1, that occurred prior to that date should have been raised during the processing of that complaint (or earlier).

Since your request for pre-complaint counseling was made more than 45 days after the issue alleged to be discriminatory, issue #1 of your complaint is now **dismissed** as untimely in accordance with 29 C.F.R. §1614.107(a) (2).

_____

### Appeal to the Equal Employment Opportunity Commission

If you are dissatisfied with this decision you may appeal to the Equal Employment Opportunity Commission **within 30 calendar days** of the date of your receipt of the Agency's final action, or, if you are represented by an attorney, **within 30 calendar days** of your attorney's receipt of this action. The appeal must be in writing and filed with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, D.C. 20013-8960, or facsimile to (202) 663-7022. The complainant should use EEOC Form 573, Notice of Appeal/Petition, (attached to the agency's decision) and should indicate what he or she is appealing. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. A copy of the appeal and any supporting documentation must also be submitted to the agency's designated office: National EEO Investigative Services Office, P.O. Box 21979, Tampa, FL 33622-1979. In or attached to the appeal to the EEOC, you must certify the date and method by which service of the appeal was made on the agency's office.

Failure to file within the 30-day period could result in the EEOC's dismissal of the appeal unless you explain, in writing, extenuating circumstances which prevented filing within the prescribed time limit. In this event, extending the time limit and accepting the appeal will be discretionary with the EEOC.

If you file an appeal with the EEOC's Office of Federal Operations, you may thereafter file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of the Office of Federal Operations' decision. A civil action may also be filed after 180 calendar days of your appeal to the EEOC, if you have not received a notice of final action on your appeal.

### Right to file a civil action

In lieu of filing an appeal with the Equal Employment Opportunity Commission, you may file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of this decision. If you choose to file a civil action, that action should be captioned

77

- 8 -

**Lance P. McDermott vs. Patrick R. Donahoe, Postmaster General, U.S. Postal Service**. You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security in such circumstances as the court deems just.  Your application must be filed within the same 90-day time period for filing the civil action.

_Tamra Schweiberger_
Tamra Schweiberger
EEO Services Analyst

<u>January 24, 2014</u>
Date

Enclosures:   PS Form 2570, EEO Dispute Resolution Specialist's (DRS) Inquiry Report
              EEOC Form 573, Notice of Appeal/Petition

77

*11 Feb 14*



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Office of Federal Operations
### P.O. Box 77960
### Washington, DC 20013

Lance P. McDermott,
Complainant,

v.

Patrick R. Donahoe,
Postmaster General,
United States Postal Service
(Pacific Area),
Agency.

Request No. 0520130689

Appeal No. 0120131641

Agency No. 1E-985-0004-12

### DENIAL

Complainant timely requested reconsideration of the decision in <u>Lance P. McDermott v. U.S. Postal Service</u>, EEOC Appeal No. 0120131641 (August 9, 2013). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. <u>See</u> 29 C.F.R. § 1614.405(c).

Complainant alleged that he was subjected to a hostile work environment based on reprisal for prior protected activity. In a narrative accompanying his complaint, Complainant identified numerous incidents of harassment beginning in January 2012. Our previous decision affirmed the Agency's decision finding of no discrimination on 21 identified claims.

In his request to reconsider, Complainant asserts that our previous decision involves several erroneous and defective interpretations of laws and regulations. Complainant also continues to raise the argument that his complaint is misdefined. There is no error in the definition of the issues of the complaint. Just because the Agency has not adopted wholesale, or duplicated word-for-word, all of the complaint's wording and language, that does not necessarily lead to the conclusion that the complaint is misdefined.

Complainant also raises other previously raised issues. We noted in our decision that Complainant had submitted multiple briefs in the previous appeal that addressed a wide range

*78*

2                                                    0520130689

of issues and various complaints that he had filed in the Agency discrimination process, federal district court, and in the grievance process. Complainant is reminded that a request for reconsideration is not a second appeal. A complainant's request to reconsider will not be granted because the complainant is simply dissatisfied with the outcome because he or she did not prevail. Reiterating arguments previously considered or previously raised does not satisfy the criteria. A request to reconsider must meet the required criteria and Complainant's request fails to meet them.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 0120131641 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

<u>COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION</u> (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

<u>RIGHT TO REQUEST COUNSEL</u> (Z0610)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request from the Court that the Court appoint an attorney to represent you and that the Court also permit you to file the action without payment of fees, costs, or other security. <u>See</u> Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney with the Court does not extend your time in which to file a civil action. Both the request and



3                                        0520130689

the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:


*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations


____FEB 1 1 2014____
Date

*78*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

JUL 2 4 2014


Lance P. McDermott
1819 S 104th St
Seattle, WA 98168

|  |  |
|---|---|
| Re: | McDermott v. U.S. Postal Service |
| EEOC Appeal No. | 0120142193 |
| Agency Case No. | 4E980003214 |

Dear Mr. McDermott:

The record listed under the above referenced docket number is being closed because you requested withdrawal of the appeal so that you could consolidate it with your civil action.


FOR THE COMMISSION:

*Carlton M. Hadden*
Carlton M. Hadden, Director
Office of Federal Operations

*79*

EEO SERVICES ANALYST
NATIONAL EEO INVESTIGATIVE SERVICES OFFICE


*UNITED STATES*
*POSTAL SERVICE*

July 25, 2014

Mr. Robert J. Barnhart, Director
Compliance and Control Division
Office of Federal Operations
Equal Employment Opportunity Commission
P. O. Box 19848
Washington, DC 20036-0848

     Re: *Lance P. McDermott v. Patrick R. Donahoe, Postmaster General*
     OFO Docket Number:    0120142193
     Agency Case Number:   4E-980-0032-14

Dear Mr. Barnhart:

This is in response to your letter dated June 23, 2014 and received by the Agency on June 25 2014, in which you requested the official EEO complaint file in the above-referenced case. Enclosed, please find the requested file.

The agency wishes to enter into the record that the appellant did not submit a brief in support of his appeal. He, instead, submitted a request to consolidate the instant complaint, 4E-980-0032-14, as well as a prior complaints, with his pending civil action No. 2:13cv2011-MPJ, filed at the Seattle District.   Accordingly, the agency is disadvantaged.   Any brief submitted by the appellant following the agency's response and any new arguments should not be considered by the Commission.

The appellant was a mechanic at the agency's Priority Mail Annex in Kent, Washington at the time of the alleged discriminatory acts. He requested pre-complaint counseling on February 2, 2014 and filed a formal complaint on March 14, 2014.

In the complaint at issue in this appeal, the appellant alleged discrimination based on Retaliation (Prior EEO Activity) and Disability (Color Blindness) when:

1. On April 4, 2013, his supervisor filed a false threat report and emailed the Postal Inspectors that he was stealing Postal property;
2. On April 8, 2013, the Postal Inspectors violated his rights when they detained him, searched his car and took his personal property;
3. On May 30, 2013, he was placed on enforced leave for his FMLA protected condition and since he has  not been paid for his  part days worked or Holidays;
4. On July 1, 2013, his Supervisor called the Police Department and reported him as an ex-employee and a threat, and he was searched for weapons by the Police;

P. O. BOX 21979
TAMPA, FL 33622-1979



- 2 -

5. On July 1, 2013 his Supervisor demanded that he fill out a light duty/reasonable accommodation request for FMLA protected leave, called the Postal Inspectors, who searched his belongings and his car, took his badge and escorted him out of the building;

6. On September 1, 2013, his Supervisor refused his return-to-work documents, ordered him to leave the facility and called the Postal Inspectors, who removed him from the building; and,

7. On or around December 30, 2013, the appellant received an invoice for $794.10.

Records evidence revealed that, on November 7, 2013, the appellant filed a civil action, Lance McDermott v. U.S. Postal Service, Et Al., Civil Action No. C13-2011, in the United States District Court for the Western District of Washington. The record further discloses that the claims the appellant raised in the above-captioned civil action are the same the appellant raised as issues 1-6 in the instant complaint.

29 C.F.R. §1614.107(a)(3) enables the agency to dismiss a complaint that is the basis of a pending civil action in a United States District Court in which the complainant is a party. Such dismissals prevent a Complainant from simultaneously pursuing both administrative and judicial remedies on the same matters, wasting resources, and creating the potential for inconsistent or conflicting decisions and in order to grant due deference to the authority of the federal district court. See Thomas v. National Credit Union Administration, EEOC Appeal No. 0120064892 (April 9, 2007). See also, Baylink v. Department of Veterans Affairs, Appeal No. 01A53457 (September 29, 2005) (Citing Shapiro v. Department of the Army, EEOC Request No. 05950740 (October 10, 1996); Stromgren v. Department of Veterans Affairs, EEOC Request No. 05891079 (May 7, 1990); and Kotwitz v. U.S. Postal Service, EEOC Request No. 05880114 (October 25, 1988)).

The agency submits that the appellant's request to consolidate the instant complaint with his pending civil action in the U.S. District Court is a tacit admission that the agency properly dismissed issues #1 through #6 in accordance with 29 C.F.R. §1614.107(a)(3). Therefore, the agency's dismissal of issues #1 through #6 should be sustained.

In addition, 29 C.F.R. §1614.302(a)(1) defines a "mixed case complaint" as a complaint of employment discrimination filed with a Federal agency based on race, color, religion, sex, national origin, age, or handicap related to or stemming from an action that can be appealed to the Merits Systems protection Board (MSPB). A "mixed case appeal" is defined at 29 C.F.R. §1614.302(a)(2) as an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national



- 3 -

origin, handicap, or age.  Issues which can be appealed to the MSPB are described at 5 C.F.R. §1201.3 and include Removals.  Individuals who can appeal to the MSPB are identified in 39 U.S.C. 1005 (a) and Public law 011-90 and include veteran's preference eligible.

The record establishes the appellant filed an appeal with the MSPB concerning the same claims he challenged in issues 1-6 of the instant complaint.

As stated in the Agency's decision letter dated April 17, 2014, the record undoubtedly established the appellant filed an appeal with the Merit Systems Protection Board (MSPB) concerning issues #1 through #6 in the instant complaint. The appellant filed his MSPB appeal on June 25, 2013, which was docketed under MSPB Docket No. 0201303990 and is pending a decision. In contrast, the appellant filed his formal complaint on March 14, 2014, or 262 days after he filed his MSPB appeal. Based on the fact the appellant elected to proceed before the Merit Systems Protection Board, the agency properly dismissed issues #1 through #6 in the formal complaint of· discrimination in accordance with 29 C.F.R. §1614.107(a)(4). *See Rodriguez v. U.S. Postal Service*, EEOC Appeal No. 0120080575 (February 7, 2008) and *Fuller v. U.S. Postal Service,* EEOC Appeal No. 0120065001 (October 19, 2007), citing *Hammond v. General Services Administration*, EEOC Request No. 05940428 (August 25, 1994).

Moreover, issues #1 through #6 the appellant raised in the instant complaint are identical to issues the appellant raised in previous EEO Complaint No. 1E-985-0001-14 and 1E-985-0006-13.

The Office of Federal Operations has affirmed the dismissals of complaints where the matters raised are identical to those raised in a previous complaint or request for pre-complaint counseling.  See generally Terhune, supra.  See Rainville v. U.S. Postal Service, EEOC Appeal No. 01A51952 (May 4, 2006) (identical issue settled in a previous complaint) and Porter v. U.S. Postal Service, EEOC Appeal No. 01A02013 (February 12, 2003) (identical issues previously decided by the Commission).  See also, Hogan v. U.S. Postal Service, EEOC Appeal No. 01A24892 (January 30, 2003) and Smith v. U.S. Postal Service, EEOC Appeal No. 01A14221 (November 5, 2002) (termination claims identical to those raised in complaints under investigation); Mozee v. U.S. Postal Service, EEOC Appeal No. 01A20805 (October 16, 2002) and Bailey v. U.S. Postal Service, EEOC Appeal No. 01A20804 (October 11, 2002) (continuing denial of a requested accommodations identical to previous accommodation complaints).

Therefore, the agency properly dismissed issues #1 through #6 in the instant complaint as being identical to issues raised in  previous complaints in accordance with 29 C.F.R.



- 4 -

§1614.107(a)(1), for stating the same claim that is pending before or has been decided by the agency or Commission.

In regards to issue #7, the appellant alleged that, on, or around, December 30, 2013, he received an invoice indicating that he was indebted with the agency in the amount of $794.10.  The appellant alleged that he was not informed of the reason for the indebtedness.  However, issues related to the collection of a postal debt fall within the Debt Collection Act. The Commission does not have jurisdiction over Debt Collection Act disputes.

The Debt Collection Act, 31 U.S.C. 3711 et seq., mandates that monetary disputes involving an agency of the United States government and any claimed debtor must be resolved through the provisions of the Debt Collection Act. The Commission has previously held that challenges to agency's actions under the Debt Collection Act are not within the scope of the EEO complaint process and the Commission's jurisdiction. See Baughman vs. Department of Army, EEOC Appeal No. 01900865 (February 26, 1990). The proper forum for complainant to challenge the appropriateness of the collection process and validity, of his debt is through the administrative process of the Debt Collection Act.

As, in issue #7, the appellant alleged violations of the Debt Collection Act by challenging the existence of the debt with the agency, the appellant's allegations are not within the scope of the Commission's jurisdiction, and, as such, failed to state a claim. See Amato v. Department of the Army, EEOC Appeal No. 0120064457 (July 18, 2007)(Complainant was sent a demand letter and his wages were garnished).

The Commission has consistently held that an employee cannot use the EEO complaint process to lodge a collateral attack on another forum's proceeding. Kleinman v. U.S.Postal Service, EEOC Request No. 05940585 (September 22, 1994); Lingad v. U.S. Postal Service, EEOC Request No. 05930106 (June 24, 1993). See also Quiney v. U.S. Postal Service, EEOC Appeal No. 0120091977 (April 24, 2009) (the Commission found that the complainant's claim based on sex and age that she was issued a letter requesting that she repay monies in accordance with a settlement agreement was a collateral attack on the proceedings of the Debt Collection Act process); Testa v. U.S. Postal Service, EEOC Appeal 01A51138 (February 23, 2005) (the Commission found that the complainant's claim based on sex, disability, and reprisal that he was notified of the agency's intent to collect a payroll error by making deductions from his pay check in defiance of judicial orders was a collateral attack on the administrative process of the Debt Collection Act); and Magnuson v. U.S. Postal Service, EEOC Appeal No. 01A33403 (August 25, 2003) (the Commission found that the complainant's claim based on age and reprisal that a Judge issued a ruling that he

- 5 -

had not established a basis for relieving him of a liability of $20,000 was a collateral attack on the Debt Collection Act).

Regulations found in 29 C.F.R. 1614.107(a) state that prior to a request for a hearing in a case, the agency shall dismiss an entire complaint: (1) that fails to make a claim. Therefore, the agency properly dismissed issue #7 of the instant complaint for failing to state a claim in accordance with 29 C.F.R. 1614.107(a) (1).

Based on the foregoing, the agency submits that its position is consistent with applicable case law and should be sustained. The Agency urges the Office of Federal Operations to carefully review the issues raised in this appeal and affirm the Agency's decision.


Sincerely,

*Edwin Bermudez*

Edwin Bermudez
EEO Services Analyst


Enclosures

Cc: Lance P. McDermott, 1819 S 104th St., Seattle, WA 98168-1647
USPS Tracking Number: 9114 9010 7574 2917 0070 60





**Greater Seattle Area Local**
**American Postal Workers Union, AFL-CIO**

132 SW 153rd St., Burien WA 98166-2312

03-04-2014

Lance McDermott
1819 S 104th St
Seattle, WA 98168-1647

SUBJECT: Copier Use and Steward Designation

Dear Lance:

Regrettably, I have to inform you that due to the high cost of maintaining our Canon copier, you no longer may utilize the Union copier/scanner for your personal litigation, MSPB appeals etc. The Union has a limited amount of pages per month and must pay for each additional page over that limit. Any copies needed for APWU grievance processing will be made by your designated steward; Lester Cornett.

Additionally, and as you know, you are no longer a designated APWU Maintenance Steward. I am requesting that you return your Union Hall key FOB to either the GSAL President, Myrna Umali, the Office Assistance Gloria Hix or myself. If you would like to be reinstated as a Steward in the future, I am open to discussing this with you.

If you are in disagreement with this decision, feel free to contact me at the Union Hall, e-mail or through your designated Steward Lester Cornett. You may also appeal this decision to the membership at the GMM.

Sincerely,

George E Engel
Maintenance Craft Director
Greater Seattle Area Local-APWU

Cc:     File

G1

Latest NewsLatest NewsNews BulletinsNews BulletinsAPWU Web News ArticlesAPWU Web News ArticlesFor the PressFor the PressCalendar of EventsCalendar of EventsCurrent Issues Current Issues Issue Archives Issue Archives Labor History ArticlesLabor History ArticlesPresidentPresidentVice PresidentVice PresidentSecretary TreasurerSecretary TreasurerIndustrial RelationsIndustrial RelationsClerk DivisionClerk DivisionMaintenance DivisionMaintenance DivisionMotor Vehicle DivisionMotor Vehicle DivisionRegional Coordinators Regional Coordinators Support ServicesSupport ServicesLegislative & PoliticalLegislative & PoliticalOrganizationOrganizationResearch & EducationResearch & EducationHuman RelationsHuman RelationsHealth PlanHealth PlanRetireesRetireesAffiliates & Other Affiliates & Other Benefits Benefits Members-Only Benefits Members-Only Benefits COPACOPAAmerican Postal Worker MagazineAmerican Postal Worker MagazineTransfer Ads (Crossroads)Transfer Ads (Crossroads)My Local & Personal InfoMy Local & Personal InfoP-&DCConsolidation - P&DCConsolidation - Stations & BranchesConsolidation - Stations & BranchesContract 2010-2015Contract 2010-2015Fixing USPS FinancesFixing USPS FinancesThe Great Postal Giveaway The Great Postal Giveaway Postal Policy-MakingPostal Policy-MakingThe War on Public WorkersThe War on Public WorkersContract 2006-2010Contract 2006-2010Contract Extension 2005-2006Contracting OutContracting OutFamily and Medical Leave ActFamily and Medical Leave ActPostal Reform 2002-2007Postal Reform 2002-2007Retirement, Incentive News 2012-2013Retirement, Incentive News 2012-2013Save Saturday Service!Save Saturday Service!Voluntary Early Retirement 2009Voluntary Early Retirement 2009Voluntary Early Retirement 2008-2009Voluntary Early Retirement 2008-2009Voluntary Early Retirement 2003-2015Voluntary Early Retirement 2003-2015CentralCentralEasternEasternNortheastNortheastSouthernSouthernWesternWesternAPWU AuxiliaryAPWU AuxiliaryAPWU POWERPAAPWU POWERPABulk Mail CentersBulk Mail CentersDeafHard of Hearing Task ForceDeafHard of Hearing Task ForceMembers-at-LargeMembers-at-LargePostal Press AssociationPostal Press AssociationAPWU Health PlanAPWU Health PlanPay InformationPay InformationPostal Employee's Relief FundPostal Employee's Relief FundFederal Employees Group Life InsuranceFederal Employees Group Life InsuranceRetirementRetirementThrift Savings PlanThrift Savings PlanFlexible Spending AccountsFlexible Spending AccountsAccident Benefit AssociationAccident Benefit AssociationScholarshipsScholarshipsTransfer AdsTransfer AdsAPWU MasterCardAPWU MasterCardMortgage & Real EstateMortgage & Real EstateSupplemental InsuranceSupplemental InsuranceUnion Plus Discounts & ServicesUnion Plus Discounts & ServicesVoluntary Benefits PlanVoluntary Benefits Plan

About APWU   Links   Site Map   Contact Us   APWU Store



Search this site  [All Sections ▾]  (Go)
Advanced Search

▸ HOME          ▸ NEWS & EVENTS          ▸ DEPARTMENTS & DIVISIONS          ▸ PAY & BENEFITS          ▸ MEMBERS-ONLY

## Industrial Relations
Home ›› Departments & Divisions ›› Industrial Relations ›› Steward's Corner

🖨 Printer-Friendly Page

**Tony D. McKinnon Sr.**
**Director**
Telephone: (202) 842-4273
Fax: (202) 371-0992

▸ About Industrial Relations
▸ Awards and Settlements
▸ Family and Medical Leave Act
▸ Memos to the Field
▸ National Level Issues and Disputes
▸ Non-Traditional
 Full-Time Assignments
▸ Pay Information
▸ Safety and Health
▸ Steward's Corner
▸ USPS Reports
▸ Links

**SHORTCUTS**

▸ 2010-2015 Collective Bargaining
 Agreement News Index
▸ APWU Search
▸ BQnet (formerly the EL-303)
▸ Collective Bargaining Agreements
▸ Collective Bargaining Reports
▸ Electronic Grievance System
▸ Grievance Forms
▸ Joint Contract Interpretation Manual
▸ USPS Handbooks & Manuals

**Industrial Relations**
**News Feed (RSS)**

[RSS] ❘ About RSS

### Steward's Corner

The documents and links on this page are intended to assist APWU representatives in the performance of their official duties. Links with a padlock ⧉ are password protected. **If you are an APWU representative, you may request a password from your local president. If you are a local president in need of a password, please contact the Industrial Relations Department at 202-842-4273.**

**Arbitration - Instructions for Witnesses**

Arbitration hearings are held when the union claims that the Postal Service has violated a provision of the Collective Bargaining Agreement (CBA) or that it has improperly disciplined or discharged an employee, and has filed a grievance. The grievance has not been answered to the union's satisfaction, and the union has requested arbitration under the terms of the CBA. The Postal Service denies that it has violated the contract or says it has just cause for the discipline or discharge. Both parties will try to prove their case to the arbitrator.

**2010-2015 Collective Bargaining Agreement Staffing Compliance Monitoring Tool [pdf]**

To this this tool, click on the map, select the appropriate state, and scroll down until you find the office you are interested in.

**Article Officers [pdf]**

A list of the APWU national officers assigned to specific articles of the contract and handbooks/manuals.

**Collective Bargaining Agreements**

Downloadable PDFs of current and past collective bargaining agreements.

**Collective Bargaining Reports (CBR)** ⧉

The CBR is a regular publication of the Industrial Relations Department that includes summaries of important regional and national arbitration awards, national settlements and memorandums, court and administrative decisions, and Postal Bulletin notices.

**Family and Medical Leave Act (FMLA) Forms**

These APWU FMLA forms are USPS-approved for documenting and certifying requests for Family and Medical Leave.

**Grievance Forms**

Standard APWU grievance forms in PDF format. These forms have been designed so that you can type information directly into the appropriate data fields and then print the forms on your computer's printer.

**Merit Systems Protection Board Booklets** ⧉

(03/17/08) These booklets are intended to assist union representatives who advise employees of their rights under the Merit Systems Protection Board (MSPB).

**Report on National-level Arbitration [pdf]** ⧉

(05/17/10) The latest report on the status of key pending national arbitration cases.

**The Step 4 Book**

The Step 4 Book is a collection of documents spanning more than two decades, including national grievance settlements, memorandums of understanding, court decisions, and other documents addressing matters of contract interpretation. The documents in this online version are organized by subject matter according to the corresponding article of the Collective Bargaining Agreement and are fully searchable.

**USPS Law Dept. Training Manuals for Supervisors** ⧉

This is a link to a series of manuals developed by the USPS Law Department for the training of supervisors. Topics include Accidents, Discipline for Misconduct, Duty to Provide Information, FMLA, and Reasonable Accommodation.

**Weingarten Rights [pdf]**

(07/06/05) An excerpt from *The Legal Rights of Union Stewards* by Robert M. Schwartz (Workers Rights Press). Named after a 1975 Supreme Court decision, "Weingarten Rights" provide that a union-represented employee has the right to a steward when facing an investigatory interview. This document explains what constitutes an investigatory interview and what rights employees and stewards have in such an interview. The document includes a list of questions and answers regarding Weingarten Rights.

# ound Area Local Elections announcement

## Attention all PSAL Members - second notice

**Nominations start August 17, 2014 at 2pm at the GMM. The following offices are open for** dent, Executive Vice President, Secretary-Treasurer, 1 Director from each craft - Clerk, ice, & Motor Vehicle/VMF - 1 associate office Director from each associate office.

### General Membership Meeting schedule:

meeting due to National Convention; **August 17th** - Open nominations for PSAL Elections; **September 21st** - Nominations closed for PSAL Elections; **November16th** - Election of PSAL Officers; **December** - no meeting

---

d from page 1

## WAPWU

tems that must be taken nvention is always the **to say—as a tenured Executive Board—** ate APWU is doing / speaking. At a time running deficit budgets, WU has continued to actually increase our ear after year, and did ell.

**anked another ten year, and had some thousand dollars in** of the convention— ndling of the union stly due to good efforts related to **organizing the** s; and very frugal ton State Officers. ally false accusations l of late—concerning some of which I even ttle local's general s is most unfortunate **PWU budget report** l at the convention, **question over how** gton State's APWU **WU is in excellent**

## ection

nce the multistate 010—I spoke out on t this year's budget gates to the upcoming an unusual request

### The annual salary of the elected WAPWU Officers are as follows:

(in comparison to the Greater Seattle Area Local APWU Officers)

|  | President | Vice President | Secretary | Treasure | Editor |
|---|---|---|---|---|---|
| Washington - | 5,000 | 2,000 | 3,500 | 3,500 | 2,500 |
| Seattle - | 20,825 | 10,413 | 8,330 | 10,413 | 10,413 |

**Total 2014 budgeted:**

| WAPWU total | 21,850 | - [Pres.; VP; Sec.; Treas.; Editor; 4 District Reps.] |
|---|---|---|
| **Seattle total** | 145,000 | - [Pres.; VP; Sec.; Treas.; Editor; 4 Craft Directors; 3 Trustees; Ass. Office Rep.] |

I can assure the membership that the Washington State APWU Officers are committed to providing the very best representation possible for the dues paying members, and I am honored to be on the Executive Board for WAPWU.

The District Representatives for WAPWU are: District 1–Maria Risener; District 2–Don Cain; District 3–Wanda Emmert; District 4–Lynn Jones.

These committed union officers are on the front lines representing the members-at-large [MALs] all over the State of Washington, and they are well deserving of your support, and thanks. **The District Representatives have periodic district meetings, and are largely responsible for having recruited many nonmembers in Washington State at a time when most locals are losing members.** Thank you all for your hard work District Representatives. Without you there would be no Washington APWU.

I attended a District 1 meeting recently, along with President Charles Smith, where some 15 people showed up and asked questions about their jobs, their future, and the union. **To my knowledge, this is the largest district meeting ever held, and I congratulate Maria Risener for her successful efforts to organize and enlist participation in her district.** Great job Maria!

## How Seattle faired this year

It was a mixed bag this

**I do not condone publicly singling out, naming, and ridiculing fellow union members for having a different opinion.** We need to work on our bedside manner in Seattle. Just because we are the largest local in the state doesn't mean we can run the show, or that Seattle has some corner on the market for what is best for the Washington State members. **We need to project unity in times like these, not read other members' names and blame them for not agreeing on everything you want. Unity has to be our commitment or we will fail in troubled times like these. All in all, it was a pretty good Washington and multistate convention.** It remains to be seen what will happen in Chicago at the National APWU Convention. **I will look forward to representing Seattle when I get there, and will report the goings-on when I return.**

## Training for delegates

There were a number of training classes after the convention was concluded, and the Seattle local had specifically passed a motion to pay all "delegates" for attending the training. However, I did not submit a voucher to get paid.

**I am still protesting the ridiculous rumors that the Washington State organization was struggling financially, and I**

# GREATER SEATTLE AREA LOCAL
## AMERICAN POSTAL WORKERS UNION, AFL-CIO

STEP 1 GRIEVANCE OUTLINE WORKSHE

| DISCIPLINE (NATURE OF) OR CONTRACT (ISSUE) | CRAFT | DATE | LOCAL # |
|---|---|---|---|
| Art. 5, 19, 11 | Maintenance | 9/19/2013 | MNT-W-13 |

| UNIT/SEC/BR/STA/OFC | DATE/TIME | USPS REP - SUPR | GRIEVANT AND/OR STEWARD |
|---|---|---|---|
| PMA | 8/12/2013 | Ken Dow | Lester Cornette |

| STEP 1 DECISION BY (NAME & TITLE) | DATE & TIME | INITIALS | INITIALING ONI VERIFIES DATE OF DECISION |
|---|---|---|---|
| Ken Dow SMO | | | |

| GRIEVANT PERSON OR UNION (LAST NAME FIRST) | ADDRESS | CITY & STATE | ZIPCODE | PHONE |
|---|---|---|---|---|
| Lance McDermott | | | | |

| SOCIAL SECURITY NUMBER | SERVICE SENIORITY CRAFT | FTR-PTR-PTF | LEVEL | STEP | DUTY HRS | OFF DAYS |
|---|---|---|---|---|---|---|
| | | | 9 | 0 | 0500-1330 | F/S |

| JOB # PAY LOCATION (UNIT/SEC/BR/STA/OFC) | WORK LOCATION CITY AND ZIPCODE | LIFETIME SECURITY | VETER/ |
|---|---|---|---|
| Seattle PMA / Pay Location 715 | Kent, WA 98032 | | Y |

Pursuant to Article 15 of the National Agreement we hereby appeal to Step 1 the following Grievance alleging a violation of (but not limited to) the following NATIONAL, (Art./Sec.) **FLSA, DOL**

LOCAL MEMO (ART./SEC.) OTHER MANUALS, POLICIES, L/M MINUTES, ETC.

## Problem:

Lance McDermott was not paid for hours worked but was instead inputted by Supervisor Ken Dow sick leave for September 2013 and Holiday leave for September 2, (Labor Day), 2013. Lance worked 5 hours on September 1, 2013 and brought in hi medical documents to provide management to return to work per the USPS Health coordinator, management would not acknowledge this and walked him out again. As a Full time regular, Lance is entitled to Holiday Pay (Labor Day) which his pay stub did not indicate this for pay period ending September 13, 2013. This pay was given as sick leave instead of hours worked. McDermott is entitled to his 16 hours of 1 (8 hour day worked) day worked and 1 day holiday pay to be reimbursed since he was not paid.

## Background:

As the Union Steward I was notified on September 11, 2013 by Employee Lance McDermott in a phone call what had happened. Article 15 states once it comes to the attention of the union, the steward has 14 days to initiate a step 1 grievance Lance has been on enforced leave, which even Jim Norris states there is no policy in place since April 30, 2013. Employee was given 30 days of enforced annual leave by Lead Manager Jim Norris which ended 29 June, 2013. Employee was not given specific instructions that he was not to return to work following this enforced annual leave. Any logical person would assume they serve the 30 days and return to work once it ended. This did not happen; Lance has documents and medical taken care of and still management refuses to return employee back to work.

Employee has been singled out, having to burn up his leaves due to management failing to return employee back to work. Documents do not indicate any restrictions to prevent employee from performing his job.

## Documents will be provided at step 2

**Corrective Action Requested:** Correct the tacs system to reflect hours worked and pay, pay employee holiday pay and return employee back to work immediately as return to work documents are in order per the Health Unit. Total: 2 days $450.00

## Management's Response:

*Denied At step 1. forward on To step 2.*

*by Lawrence Davis   9-20-2013*

Lester Cornett
Stewar

82

| DISCIPLINE (NATURE OF) OR CONTRACT (ISSUE) | CRAFT | DATE | LOCAL GRIEVANCE # | USPS GRIEVANCE # |
|---|---|---|---|---|
| ART 5, 11, 19 | MNT | 9-23-2013 | MNT-103-13 | |

| TO USPS STEP 2 DESIGNEE (NAME & TITLE) | INSTALLATION | PHONE |
|---|---|---|
| ~~Rick Sudduth~~ David Marzec | Seattle P&DC, WA | 206-768-4478 |

| FROM: LOCAL UNION (NAME OF) | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| Greater Seattle Area Local APWU | 241 SW 153rd Ave. | Burien | WA | 98166 |

| STEP 2 AUTHORIZED UNION REP. - (NAME & TITLE) | WORK PHONE | CELL PHONE |
|---|---|---|
| Lester Cornette | | 253-732-8920 |

| LOCAL UNION PRESIDENT | WORK PHONE | HOME PHONE |
|---|---|---|
| Myrna Umali | 206/241-6038 | 206/241-6038 |

## STEP 1 MEETING & DECISION

| WHERE - WHEN | | | MET WITH |
|---|---|---|---|
| UNIT/SEC/BR/STA/OFC | DATE/TIME | USPS REP – SUPR | GRIEVANT AND/OR STEWARD |
| PMA | 9/20/2013 | Lawrence Davis | Lance McDermott |

| STEP 1 DECISION BY (NAME & TITLE) | DATE & TIME | INITIALS | INITIALING ONLY VERIFIES |
|---|---|---|---|
| Denied | 9/20/2013  12:30 | lkc | DATE OF DECISION |

| GRIEVANT - PERSON OR UNION (LAST NAME FIRST) | ADDRESS | CITY & STATE | ZIP CODE | PHONE |
|---|---|---|---|---|
| Lance McDermott | | | | |

| SOCIAL SECURITY NUMBER | SERVICE SENIORITY CRAFT | FTR-PTR-PTF | LEVEL | STEP | DUTY HRS | OFF DAYS |
|---|---|---|---|---|---|---|
| EID- 03272132 | | | | | | |

| JOB # /PAY LOCATION (UNIT/SEC/BR/STA/OFC) | WORK LOCATION CITY AND ZIP CODE | LIFETIME SECURITY | VETERAN |
|---|---|---|---|
| 715 | Kent, Wa | | |

LOCAL MEMO (ART./SEC.) OTHER MANUALS, POLICIES, L/M MINUTES, ETC.
Art 5/11/19/Pub 552

### DETAILED STATEMENT OF FACTS/CONTENTIONS OF THE GRIEVANT

**Problem:**

Lance McDermott was not paid for hours worked but was instead inputted by Supervisor Ken Dow sick leave for September 1, 2013 and Holiday leave for September 2, (Labor Day), 2013. Lance worked 5 hours on September 1, 2013 and brought in his medical documents to provide management to return to work per the USPS Health coordinator, management would not acknowledge this and walked him out again. As a Full Time regular, Lance is entitled to Holiday Pay (Labor Day) which his pay stub did not indicate this for pay period ending September 13, 2013. This pay was given as sick leave instead of hours worked. McDermott is entitled to his 16 hours of 1 (8 hour day worked) day worked and 1 day holiday pay to be reimbursed, since he was not paid. ($ 450.00). Lance also returned to work 1 September 2013 per health unit with proper documentation to return to work and was walked out by management and inspectors, Why?

**Background:**

Elms 436(Back Pay) states during a period which unjustified or unwarranted work was performed is considered as having provided a service for the period in question and the employee is entitled to be paid hours worked. Management cannot falsify a document putting sick leave in, when employee's PS Form 1260 or clock in rings shows different, unless the supervisor took time card and falsely inputted information, shows otherwise.
Lance was put on "enforced leave" which the agency has no policy on and cannot be used in conjunction with discipline. Criteria has to be met for "enforced leave" to be administered. The "installation head" Yul Melonson was not within protocol of this matter and there fore makes keeping employee out of work and not allowing him to return "Procedurally Defective". This so called enforced leave is in-material when employee brought proper documentation in per the Health Unit and was instructed to give to Supervisor and go back to work, return to work criteria has been met. Anything beyond 14 days is not :enforced leave" , but is now a constructive suspension and there are no documents from management addressing a "constructive suspension", only enforced leave, which employee should have returned to work after 14 days served. HRS has all leave used as FMLA annual or sick leave which when criteria to return under FMLA must be honored. Employee's return to work documentation is not being honored and management keeps walking employee out of the building only shows maintenance management has targeted employee because of Ken Dow and Jim Norris maliciously going after yet another Union Steward to get rid of them. Employee met all criteria to return to work.
Publication 552, Manager's Guide to Understanding, Investigating and Preventing Harassment on page 10 states" *Quid pro quo harassment* is the use of power and authority to alter an employee's job conditions or economic benefits because the employee or applicant either submits to or refuses to submit to the unwelcome demands of the person in authority.

82

LABOR RELATIONS
SEATTLE P&DC

 **UNITED STATES**
**POSTAL SERVICE**

**RECEIVED**

OCT 11 2013

October 9, 2013

**GSAL-APWU**

Step 2 Grievance Decision

| | |
|---|---|
| Installation: | Seattle P & DC |
| Installation Finance #: | 54-7618 |
| Grievant's Name: | McDermott, Lance |
| Grievant's EID: | 03272132 |
| Incident Date: | 9/1/13 |
| Local Union Grievance: | MNT-103-13 |
| Management Grievance: | E10T-1E-C13332927 |
| Subject: | Enforced Leave |
| Issue Code: | 10.5195 |

## Denied

Myrna Umali
President, Seattle APWU
PO 48148
Burien, WA 98148-0148

Dear Ms. Umali:

The above referenced grievance was discussed at Step 2 of the grievance procedure with your representative Lester Cornette on 09/30/13.

**Issue:** The grievance concerns Management's alleged violation of Article 5, 11, 19 by placing Lance McDermott on Enforced Leave on May 30, 2013. In addition, Lance McDermott was not paid for hours worked on Sunday September 1, 2013 and Holiday leave for September 2, 2013.

**Background:** Lance McDermott was placed on enforced leave on May 30, 2013, after several failed attempts by management to engage Mr. McDermott in a discussion on whether or not he could safely perform essential aspects of his position, due to a permanent restriction concerning his vision. Specifically, his ability to distinguish between certain colors and shades of color. Management needs to determine if and how this difficulty in distinguishing certain colors impedes him from safely working on the electrical circuits, and wiring of the machinery he works on.
Management was made aware of his visual impairment on February 5, 2013 and has been trying to resolve the issue with Mr. McDermott since then.

On September 1, 2013 Mr. McDermott came into the Seattle Priority Mail Annex while on enforced leave. Mr. McDermott was not on the work schedule, and had not contacted Management about his returning to work. He was escorted off the property by the Postal Inspection Service after it was reported to them that his presence there was unauthorized. He had previously been escorted off the premises on July 1, 2013 by the Postal Inspection Service under similar circumstances.

Mr. McDermott is currently appealing his placement on enforced leave to the Merit Systems Protection Board.

**Remedy:** "Return employee 'back to work immediately' and reimburse 700 hours of annual leave and 250 hours of sick leave for having to use his livelihood. Compensate $460.00 for 1 September and 2 September 2013 Labor day holiday (16 hours). Have management cease this type action and not to retaliate against employee, even though this will happen, move Supervisor Dow to another facility for he is a detriment to employees and the USPS at  the USPS at the PMA. This is his 4[th] employee he has gone after and all 4 are stewards, (a pattern indeed)."

82

- 2 -

**Union Contentions:** The Union reiterated its written contentions at the Step 2 meeting. The Union stressed two main contentions at the Step 2 meeting. The first is that Mr. McDermott has been on enforced leave longer than fourteen days and this is a 'constructive suspension' which is appealable to the Merit System Protection Board, and is therefore the enforced leave is procedurally defective.
The Union further contends that Yul Melonson, Seattle District Manager, needed to concur with the letter from James Norris, Manager, Maintenance Lead for the Seattle District, placing Mr. McDermott on enforced leave.
The Union also contends that Mr. McDermott should be paid for September 1, 2013, his sick leave reimbursed for that day, and that he be paid 8 hours holiday pay for September 2, 2013 (Labor Day).

**Management's Position:** The union's arguments were taken into consideration. This is a contract grievance, and as such, the burden of proof rests with the union. The union must show, by the weight of the evidence, that management either (1) violated the clear, express language of the contract , or (2) was arbitrary, capricious and unreasonable in their administration of the contract.

Management contends that this grievance is grossly untimely, and is therefore procedurally defective. Mr. McDermott was placed on enforced leave effective May 30, 2013. In his appeal to the Merit System Protection Board, submitted on 6/25/13 Mr. McDermott indicated that neither he, nor anyone else on his behalf, had filed a grievance under a negotiated grievance procedure provided by a collective bargaining agreement.  Then on September 20, 2013 the Union initiated a grievance at Step 1. This date is considerably beyond 14 days of the date (5/30/13) that the employee first learned of its cause.

Management contends that as the Lead Maintenance Manager for the Seattle District, James Norris is the Senior Maintenance official in the district over Mr. McDermott, and that he is the appropriate Manager to issue the letter of proposed placement on enforced leave to Mr. McDermott.  Management contends that Mr. Norris is a designee for Mr. Melonson in matters of this nature.

Management contends that Mr. McDermott was not on the schedule to work on September 1, 2013, and he was not authorized to be in the building. Mr. McDermott did not do a begin tour for that day. Mr. McDermott was not assigned any work for that day, and he did not do any work for the time he was in the building.  Management contends that given these circumstances, he should not be paid for his unauthorized presence in the building.  Mr. McDermott was on enforced leave for this time, and he continues to be on enforced leave at the present time. Management contends that all Mr. McDermott has to do in order to come back to work is to engage in discussions with management in order to evaluate whether or not he can perform the essential functions of his position with or without accommodation. Mr. McDermott has refused to interact with management to resolve this issue, and continues to refuse to do so at this time.
Management contends that the issues related to enforced leave are the subject of an appeal to the Merit System Protection Board, and that a hearing on this matter will be held in the very near future. Management contends that this appeal is the appropriate forum to contest the issue of enforced leave.

Management contends that the Union's arguments did not demonstrate any violation of the contract language and therefore, their burden of proof has not been met.

**Decision:** Based on the above stated facts, the Union's grievance is hereby **Denied.**

Sincerely,

David J. Marzec, MMO
Step 2 Designee

CERTIFICATE OF SERVICE

Case Name:  Lance McDermott v.  USPS
Case No.: C13-2011-MJP

I certify that I served by personal service a copy of:

Motion to Amend

To:

US District Attorney Marion Mittet
700 Stewart Street, # 5220
Seattle, WA  98101-1271

Dated this 6th of August 2014,

**Darlene M. McDermott**
**1819 So 104 ST**
**Seattle, WA  98168**
**206 763-6268**