UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LANCE P MCDERMOTT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN P POTTER,<br><br>　　　　　Defendant. | CASE NO. C13-2011-MJP<br><br>ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO AMEND |

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 34) and Plaintiff's motion to amend his complaint (Dkt. No. 38). Having reviewed the motions, the responses, the replies, and all related papers, the Court GRANTS Defendant's motion (Dkt. No. 34) and DENIES Plaintiff's motion (Dkt. No. 38).

//

//

//

//

//

ORDER GRANTING MOTION TO DISMISS AND
DENYING MOTION TO AMEND- 1

**Background**

Plaintiff Lance McDermott is employed by the United States Postal Service.[1] (Dkt. No. 28 at 2.) In this lawsuit, he seeks damages, a declaratory judgment, and injunctive relief relating to broad allegations of employment discrimination. He sues John Potter, Postmaster General of USPS as well as several agency officials. (Id. at 2.) Many of his allegations relate to complaints made to the Equal Employment Opportunity Commission ("EEOC"), the handling of those complaints, as well as other grievances made to USPS. (Id. at 3-83.) He alleges sixteen causes of action:

> **Cause of Action 1** – 5 U.S.C. § Section 702. –Right of review…I ask the Court to find that the FAD [Final Agency Decision] conclusions are arbitrary, abuse of discretion, and not in accordance with constitutional due process, statutory rights or in observation of Administrative Procedures required by law… **Cause of Action 2 -** 5 U.S.C. § Section 702. –Right of review. FAD, EEO-1E-985-0006-13…**Cause of Action 3** – 29 U.S.C. §1614.204 Class Complaints. 10 November 2012 (exhibit 18), I filed a PS Form 2579-B, Notice of Right to File Class with the HRSSC NEE OISO…The Agency has not processed, investigated, or rendered an Final Agency Decision for my Class Action claims within the 180-days of filing… **Cause of Action 4 –** 5 U.S.C. § Section 702. –Right of review. 6 April 2013 (exhibit 32) I wrote a complaint to the USPS Judicial Officer….I ask the Court to find that the FAD is in excess of statutory jurisdiction, authority and without observance of procedure required by law….**Cause of Action 5 -** 5 U.S.C. § Section 702. –Right of review. Hostile Work Environment (HWE) – Civil Rights Act of 1966, 42 U.S.C. §1981….I ask the Court to set aside the FAD and find there was a HWE. **Cause of Action 6 –** American with Disabilities Act (ADA) 42 U.S. Code §12102(1)(c)…I ask the Court to find the Agency discriminated against me for a perceived disability of partial color blindness that did not limit a life or work activity….**Cause of Action 7 –** 5 U.S.C. § Section 702. –Right of review…FAD Enforced Leave (exhibit 34). I also seek action under the Constitution against of other [sic] Agency Officials in their Personal Capacity for violation of my Constitutional rights, 42 §U.S.C. 1983. **Cause of Action 8 –** 5 U.S.C. § Section 702. –Right of review…FADs of Family Medical Leave Act…I ask the Court to find that the Agency FADs denied me FMLA

---

[1] Plaintiff has filed several cases in the Court related to his employment with USPS. See McDermott v. US Postal Service, CV05-00860-RSL; McDermott v. US Postal Service, CV06-1335-MJP; McDermott v. US Postal Service, CV07-1174-JLR/United States Postal Service Privacy Act Litigation, 08-md-1937-JLR; McDermott v. John Potter, CV08-1846-JCC; McDermott v. John Potter, CV09-776-RSL; McDermott v. John Potter, CV09-1008-RAJ; McDermott v. John Potter, CV11-0311-MJP.

protection for my color blindness, denied me FMLA right return to work…**Cause of Action 9** – 5 U.S.C. § Section 702. – Right of review…FAD removing my Veterans Preference Points…I ask that my Veterans Preference points and military service record in my eOPF be corrected.  **Cause of Action 10** – Administrative Disputes Resolution Act…I ask the Court to issue a favorable Declaratory Judgment defining the legal rights of both parties on the U.S. Postal Service administrative proceedings for a favorable change…**Cause of Action 11** – Reasonable/Probable Cause for Federal Law Enforcement Action …I ask the Court for a Declaratory Judgment that Postal Inspectors must get a minimum (in an emergency) a phone warrant form a Federal judge (show probable cause) before using their Federal Law Enforcement Authority against employees. **Cause of Action 12** – Under the authority of the Inspector General Act of 1978, the Agency's OIG has failed to conduct non-discretionary investigations required by law…therefore I ask the Court for Declaratory Judgment that Office of Inspector General mist conduct all Agency administrative (EEO, OSHA, MSPB, HWE, Misconduct) investigation within the jurisdiction of the administrative process that it serves and cancel all administrative Investigation Contracts (save the public's money).  **Cause of Action 13** – 39 CFR §266.6 Procedures for requesting inspection, copying, or amendment of records…I ask the Court for a writ of mandamus to require the Seattle HR Manager to correct my eOPF.  **Cause of Action 14** - 43 U.S. Code §869(a).  The Agency has not provided an opportunity for participation by affected citizens in disposal of Public property that they paid for…I ask the Court for Declaratory Judgment that that [sic] the Agency may not sell any more public property until it accounts for the 22,000 public facilities…given to it to hold in Public Trust in 1970.  **Cause of Action 15** – Retaliation, 29 U.S.C. §29 U.S.C. §633a….I did engage in protected activity PRC, OSHA, NLRB USPS Judicial Officer proceedings and a Hostile Work Environment Investigation.  My Employer did subject me to adverse action and unlawful employment practices after participation…**Cause of Action 16** – I filed my MSPB SF-0752-13-0633-I-1…it has been over 180 days and I have not had a decision…I believe that the Court's review of my MSPB claims and EEO claims is necessary and judicially efficient.

(Dkt. No. 30 at 66-74.)

Plaintiff originally filed this case in November 2013.  (Dkt. No. 1.) Plaintiff moved to amend his complaint, which the Court granted.  (Dkt. No. 7.)  The Court, however, denied his request for a preliminary injunction.  (Dkt. No. 27.)  Defendants moved for a more definite statement.  (Dkt. No. 14.)  Plaintiff filed two more amended complaints.  (Dkt. No. 28, 30.) Defendants now move to dismiss Plaintiff's complaint on the grounds Fed. R. Civ. P. 12(b)(1)

1  and 12(b)(6). (Dkt. No. 34.) Plaintiff also moves to amend his complaint for a fourth time.
2  (Dkt. No. 38.)

3                                    **Discussion**

4    A. <u>Legal Standard</u>

5     Rule 12(b)(1) permits a party to challenge the Court's subject matter jurisdiction and
6  raise questions as to standing. <u>White v. Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000). All
7  allegations in the complaint are taken as true and construed in favor of the nonmoving party.
8  <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003). To establish
9  Article III standing, plaintiffs must show that they (1) suffered an injury in fact that is (2) fairly
10 traceable to the alleged conduct of the defendant, and that is (3) likely to be redressed by a
11 favorable decision. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992).

12    A motion to dismiss filed pursuant to Rule 12(b)(6) tests the sufficiency of the complaint.
13 <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). "To survive a motion to dismiss, a complaint must
14 contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its
15 face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>,
16 550 U.S. 554, 570 (2007)). The plaintiff must provide "more than labels and conclusions, and a
17 formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555.

18    B. <u>Claims 1, 2, 3, 4, 5, 7, 8, and 9</u>

19     Plaintiff's claims 1, 2, 3, 4, 5, 7, 8, and 9 request the Court review USPS actions and
20 provide relief under the Administrative Procedures Act ("APA"). Defendants correctly note that
21 these claims are not viable because the Postal Reorganization Act exempts judicial review under
22 the APA of postal service activities. <u>Currier v. Henderson</u>, 190 F. Supp.2d 1221, 1225 (W.D.
23 Wash., Jan. 30, 2002) (<u>aff'd</u> <u>Currier v. Potter</u>, 379 F.3d 716 (9th Cir. 2004)) Specifically, the
24

1 | PRA states that "no Federal law dealing with public or Federal contracts, property, works,
2 | officers, employees, budgets, or funds, including the provisions of chapters 5 and 7 of title 5 [i.e.
3 | the APA administrative procedures and judicial review provisions], shall apply to the exercise of
4 | the powers of the Postal Service." 39 U.S.C. § 410(a).  Because the APA does not apply to the
5 | Postal Service, Plaintiff's claims 1, 2, 3, 4, 5, 7, 8, and 9 necessarily fail.

6 |    C. <u>Claim 10</u>

7 |       In Claim 10, Plaintiff invokes the Administrative Dispute Resolution Act.  (Dkt.
8 | 30 at 71.)  This claim also fails because there is no private right of action under that statute in
9 | this Court.  <u>Avtel Services, Inc. v. U.S.</u>, 70 Fed. Cl. 173, 183(Fed. Cl. 2006).

10 |    D. <u>Claim 11</u>

11 |    Plaintiff appears to bring a 42 U.S.C. §1983 claim against the USPS.  Section 1983
12 | claims, however, do not apply to the federal government. 42 U.S.C. §1983 (permitting suit for
13 | constitutional violations of any "State, Territory or the District of Columbia…").  Plaintiff
14 | correctly notes that <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), allows suits
15 | against federal employees individually in limited circumstances. (Dkt. No. 35 at 6-7.)  But,
16 | under the PRA, Postal Service employees are precluded from asserting such claims because the
17 | CBA provides procedures for addressing such grievances.  <u>See</u> <u>Pereira v. U.S. Postal Service</u>,
18 | 964 F.2d 873, 875 (9th Cir. 1992)( <u>Bivens</u> action was precluded as supplement to remedial
19 | scheme established by Congress for addressing postal employees' constitutional claims arising
20 | from their employment relationship with Postal Service).

21 |    Claim 11 fails as a matter of law and is DISMISSED.

22 | //

23 | //

24 |

E. Claims 12, 13, 14

In Claims 12, 13, 14 Plaintiff alleges "the Agency is violating its own policies and laws." (Dkt. No. 35 at 7.) He fails to identify any independent jurisdictional basis for these claims. Moreover, courts generally lack jurisdiction to review Postal Service's administrative decisions. See e.g. Concept Automation, Inc. v. U.S. Postal Serv., 887 F. Supp. 6, 8 (D.D.C. 1995) (no jurisdiction to review Postal Service's decisions whether to award contracts).

Even if he could, Plaintiff lacks standing. To meet the constitutional requirements of standing, Plaintiff must show he (1) suffered an injury in fact that is (2) fairly traceable to the alleged conduct of the defendant, and that is (3) likely to be redressed by a favorable decision. Lujan, 504 U.S.at 560-61. The Court agrees that Plaintiff fails to show he suffered an injury in fact. He half-heartedly attempts to do so by stating "I have suffered injury from their 'putatively illegal action.'" (Dkt. No. 35 at 7.) This non-specific, hypothetical injury is insufficient to establish standing. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). The Court DISMISSES claims Claims 12, 13, 14.

F. Claims 6, 15, and 16

Defendant moves to dismiss claims 6, 15, and 16 under Fed. R. Civ. P. 12(b)(6).

In Claim 6 alleges a claim for violation of the American with Disabilities Act. (Dkt. No. 30 at 22.) Here, the thrust of Plaintiff's claim appears to be that Defendant requested he provide medical evidence concerning his purported disability (color blindness). He claims this was unlawful. (Id. at 23.) He suggests, management "has hidden this fact ("my veteran's status) in conspiracy has used my genetic birth defect as a reason to discriminate and retaliate against me for my protected activities." (Id. at 26.) The Complaint fails to allege elements of an ADA, including that he was discriminated against based on his disability. Weinrich v. L. A. Cnty.

1 | Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).  In fact, Plaintiff's own allegations
2 | show Defendant accommodated his color blindness.  Barnett v. U.S. Air, Inc., 228 F.3d 1105,
3 | 1117 (9th Cir .2000).  The Court finds the Complaint fails to state a claim and DISMISSES
4 | Cause of Action 6.
5 |     In Claim 15, Plaintiff alleges retaliation based on age discrimination.  Plaintiff cites to 29
6 | U.S.C §633(a), which concerns "nondiscrimination on account of age in Federal Government
7 | employment."  The Complaint lacks any factual allegations to support such a claim.  Likewise,
8 | he also cites cases regarding sex discrimination, defamation, and intentional infliction of
9 | emotional harm.  If the Court construes the Complaint to include these claims, none are
10 | supported by factual allegations.  The Court finds the Complaint fails to state a claim and
11 | DISMISSES Cause of Action 15.
12 |     As to claim 16, EEO complaints are generally, not actionable in District Court.  See 29
13 | C.F.R. 1614.107(a)(8); Jordan v. Summers, 205 F.3d 337, 342 (7th Cir. 2000); Sager v.
14 | McHugh, 947 F. Supp. 2d 1137, 1147 (W.D. Wash 2013).  The Court DISMISSES this claim too
15 | under Fed. R. Civ. P. 12(b)(6).
16 |   G.  Motion to Amend
17 |     Plaintiff moves to amend his claims to "consolidate my related EEO Complaints," and
18 | add the Greater Seattle Area Local American Postal Workers Union("APWU"), AFL-CIO as a
19 | Defendant. (Dkt. No. 38 at 1, 3.)
20 |     Federal Rule of Civil Procedure 15(a) provides that, after an initial period for
21 | amendments as of right, pleadings may be amended only with the opposing party's written
22 | consent or by leave of the court.  Fed.R.Civ.P. 15(a).  Generally, "the court should freely give
23 | leave [to amend pleadings] when justice so requires." Fed.R.Civ.P. 15(a)(2).  Courts ordinarily
24 |

ORDER GRANTING MOTION TO DISMISS AND
DENYING MOTION TO AMEND- 7

consider five factors when determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment," and (5) whether the pleadings have previously been amended. Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).

Plaintiff has exercised undue delay in bringing this motion. Davis v. Powell, 901 F.Supp.2d 1196, 2012 WL 4754688, at * 9 (S.D.Cal. Oct. 4, 2012 )( "Undue delay," for purposes of determining whether to grant motion for leave to amend a pleading, is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court.). Under the Court's scheduling order, amended pleadings were due by April 14, 2014. (Dkt. No. 24.) More than three months since that deadline, Plaintiff now seeks to add new claims and additional parties. Trial is scheduled for February 2, 2015 with all discovery completed by September 5, 2014. (Id.)

The Court finds Plaintiff's delay undue, as this late amendment would prejudice both the Postal Service as well as the APWU. The Postal service would have no time to conduct discovery on these new claims and APWU would have less than four months to prepare for trial. And Plaintiff offers no reason to justify his delay. Jamgotchian v. McInerney, 28 Fed.Appx. 637, 639 (Plaintiff is required to show good cause to assert new legal theories and new parties).

Even if delay is not considered, amendment would be futile. A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal. Carrico v. City & Cty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011). For purposes of this analysis, an amendment is "futile" if it is clear that the complaint could not be saved by amendment. United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011). Specifically, the court must determine whether the deficiencies in the pleadings "can be cured with additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the

1   original complaint." Id. (quotation marks omitted). "A party should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal." Mahone v. Pierce Cnty., No. C10–5847 RLB/KLS, 2011 W L 2009740, at * 2 (W.D.Wash. May 23, 2011) (citing Roth v. Garcia Marquez, 942 F.2d 617, 629 (9th Cir. 1991)).  Here, Plaintiff appears to assert claims regarding the processing of EEO complaints.  (Dkt. No. 40 at 1.)  These claims are generally not actionable in district court.  Sager v. McHugh, 942 F.Supp.2d at 1148.  Amending the complaint to add these claims would be futile, as it appears to this Court beyond a reasonable doubt that the proposed amendment would be subject to dismissal.

The Court DENIES Plaintiff's motion to amend.

**Conclusion**

The Court DISMISSES claims 1, 2, 3, 4, 5, 7, 8, 9, 10, 12, 13, 14 for lack of jurisdiction. because the APA does not apply to Defendant's activities.  The Court DISMISSES claims 6, 11, 15, and 16 for failure to state a claim.  The clerk is ordered to provide copies of this order to all counsel.

Dated this 11th day of September, 2014.

Marsha J. Pechman
Chief United States District Judge